**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of New York _____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Acorda Therapeutics, Inc. |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number (EIN)**

   1 3 – 3 8 3 1 1 6 8

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2     Blue Hill Plaza, 3rd Floor | |
| Number    Street | Number    Street |
| | P.O. Box |
| Pearl River     NY     10965 | |
| City     State     ZIP Code | City     State     ZIP Code |
| Rockland | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number    Street |
| | |
| | City     State     ZIP Code |

5. **Debtor's website (URL)**    https://www.acorda.com

| Debtor | Acorda Therapeutics, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

 3   2   5   4

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor   Acorda Therapeutics, Inc.
_____
Name

Case number (if known) _____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
                                    MM / DD / YYYY

District _____ When _____ Case number _____
                           MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor   See Attachment A
_____   Relationship   Affiliates
_____

District   Southern District of New York
_____   When   Date hereof
                                            MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number        Street

_____

_____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

Debtor    Acorda Therapeutics, Inc. _____      Case number (if known)_____
     Name

---

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors** (on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☑ 200-999 | | |

---

**15. Estimated assets** (on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities** (on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>04 / 01 / 2024</u>
         MM / DD / YYYY

✘ /s/ Michael A. Gesser _____      Michael A. Gesser _____
Signature of authorized representative of debtor      Printed name

Title   Chief Financial Officer _____

---

Debtor    Acorda Therapeutics, Inc.
_____    Case number *(if known)*_____
          Name

**18. Signature of attorney**    ✗ /s/ Blaire Cahn
                                _____    Date    04/01/2024
                                Signature of attorney for debtor                    _____
                                                                                    MM  / DD  / YYYY

Blaire Cahn
_____
Printed name
Baker & McKenzie LLP
_____
Firm name
452        Fifth Avenue
_____
Number     Street
New York                                    NY        10018
_____    _____    _____
City                                        State     ZIP Code

212-626-4695                                blaire.cahn@bakermckenzie.com
_____            _____
Contact phone                               Email address

4737276                                     NY
_____            _____
Bar number                                  State

**UNANIMOUS WRITTEN CONSENT OF THE**
**BOARD OF DIRECTORS OF**
**ACORDA THERAPEUTICS, INC.**
**a Delaware corporation**

March 30, 2024

The undersigned, being all of the members of the Board of Directors (the "***Board***") of Acorda Therapeutics, Inc., a Delaware corporation (the "***Company***"), in accordance with Section 141(f) of the Delaware General Corporation Law, do hereby consent to, vote for and adopt the following resolutions as of the date set forth above:

**WHEREAS**, the Board has, with the assistance of the Company's and its own legal and financial advisors, been conducting over an extended period an exhaustive review of strategic alternatives;

**WHEREAS**, the Board, with the assistance of its advisors, has reviewed and had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Company and its subsidiaries (the "***Group***") regarding, among other things, the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business and other stakeholders of the Company;

**WHEREAS**, the Board, with the assistance of its advisors, has had the opportunity to consult with management and the legal and financial advisors of the Company and the Group to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board has determined that taking the actions set forth below are in the best interests of the Company and its stakeholders.

I.      <u>COMMENCEMENT OF CHAPTER 11 CASE</u>

**NOW, THEREFORE BE IT RESOLVED**, the Board has determined, after consultation with management and the and the Group's legal and financial advisors, that it is desirable and in the best interests of the Company and its stakeholders that a petition be filed by the Company and certain Group companies seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"); and be it further

**RESOLVED**, that any member, officer or director of the Company (each, an "***Authorized Officer***"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, to negotiate, execute, verify, deliver and file, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, affidavits, declarations, orders, notices and other papers (collectively, the "***Chapter 11 Filings***") (with such changes therein and additions thereto as such Authorized Officer may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by such Authorized Officer with any changes thereto to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard) in the Bankruptcy Court, and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper or desirable in connection with the Company's chapter 11 case (the "***Chapter 11 Case***"), including negotiating, executing, delivering, performing and filing any and all documents, schedules, statements, lists, papers, agreements, certificates and instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case, the transactions and professional retentions set forth in this resolution; and be it further

## II.   STALKING HORSE APA

**RESOLVED**, that in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of the Company and its stakeholders that the Company and certain Group companies enter into, and the Company and its stakeholders will obtain benefits from, the transactions contemplated by that certain Asset Purchase Agreement (the "***Stalking Horse APA***") with Merz Pharmaceuticals, LLC and Merz Pharma GmbH & Co. KGAA, on the terms and conditions substantially similar to those set forth in the form previously provided to the Board, and with such changes thereto as the Authorized Officer executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments and instruments in connection therewith (together with the Stalking Horse APA, the "***Sale Documents***"), in each case subject to approval by the Bankruptcy Court; and be it further

**RESOLVED**, that the form, terms and provisions of each of the Sale Documents and the Company's performance of its obligations thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Sale Documents, in the name and on behalf of the Company, and such other documents, agreements, instruments and certificates as such Authorized Officer executing the same considers necessary, appropriate, proper or desirable to effectuate the transactions contemplated by the Sale Documents; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered and directed, in the name and on behalf of the Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the Sale Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the Sale Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Sale Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## III.   DEBTOR-IN-POSSESSION FINANCING

**RESOLVED**, that in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of (i) in the case of the Company (the "***DIP Facility Borrower***"), to enter into and obtain loans, (ii) in the case of the Guarantors (as defined below), to guarantee the DIP Facility Borrower's obligations under the DIP Credit Agreement (as defined below), and (iii) in the case of the DIP Facility Borrower and the Guarantors, to consummate the transactions under that certain senior secured debtor-in-possession credit facility in an aggregate principal amount of up to $60,000,000 to be evidenced by that certain Debtor-in-Possession Credit Agreement, by and among the DIP Facility Borrower and each of the Company's subsidiary entities, as guarantors (the "***Guarantors***"), the lenders from time to time party thereto (the "***Lenders***"), and the administrative agent for the Lenders (in such capacity and together with its successors, the "***Agent***") (on the terms and conditions substantially similar to those set forth in the form previously provided to the Board, together with the Exhibits and Schedules annexed thereto, the "***DIP Credit Agreement***," capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit

Agreement), in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "***Debtor-in-Possession Financing***"), and be it further

      **RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the DIP Financing Documents (as defined below) by the Company and each of the Guarantors that is party thereto and the consummation by the Company of the transactions contemplated thereunder, including (i) in the case of the DIP Facility Borrower, the borrowing of funds under the DIP Credit Agreement, (ii) in the case of Guarantors, the guaranty of the obligations thereunder as provided in any guaranty, (iii) in the case of the DIP Facility Borrower and the Guarantors, the grant of a security interest in and liens upon substantially all of the Company's assets in favor of the secured parties (including the authorization of financing statements in connection with liens), and (iv) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting Exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "***DIP Financing Document***" and collectively, the "***DIP Financing Documents***"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which the Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP Credit Agreement and such DIP Financing Documents with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

      **RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case and (ii) any and all of the other agreements, including any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

      **RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of the Company, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

      **RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document, including the granting of security thereunder; and be it further

      **RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and deliver to the Agent, on

behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## IV.    RESTRUCTURING SUPPORT AGREEMENT

**RESOLVED**, that in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of the Company to enter into that certain Restructuring Support Agreement (the "***Restructuring Support Agreement***") on the terms and conditions substantially similar to those set forth in the form previously provided to the Board; and be it further

**RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement, together with the term sheet annexed thereto (the "***Term Sheet***") and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as the Authorized Officer executing the same may in his or her sole discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to deliver, certify, file and record, the Restructuring Support Agreement, including the Term Sheet attached thereto and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, including the Term Sheet; and be it further

## V.    KEY EMPLOYEE RETENTION PLAN

**RESOLVED**, that in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of the Company to develop a Key Employee Retention Plan (the "***KERP***") in order to facilitate and encourage the continued participation of certain key employees in the restructuring of the affairs of the Company and the Group; and be it further

**RESOLVED**, subject to the approval of the Bankruptcy Court, the adoption and implementation of the KERP, including the funding thereof and, together with the payment of the amounts provided for therein in accordance with the KERP, in substantially the amounts and on substantially the terms set forth in the Exhibit attached thereto, is hereby authorized and approved; and be it further

4

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the KERP and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

## VI.    RETENTION OF PROFESSIONALS

**RESOLVED**, that, in connection with the Chapter 11 Case, any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company, that such Authorized Officer deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that Baker & McKenzie LLP, located at 452 Fifth Avenue, New York, NY 10018, is hereby retained as legal counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Ernst & Young LLP, located at One Manhattan West, New York, NY 10001, is hereby retained as financial advisor and auditor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Ducera Partners LLC, located at 11 Times Square, 36th Floor, New York, NY 10036, is hereby retained as lead financial advisor in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Leerink Partners LLC, an investment and financial advisory firm with principal offices at 1301 Avenue of the Americas, 12th Floor, New York, NY 10019, as well as other locations in the United States, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, is hereby retained as (i) claims and noticing agent and (ii) administrative and ballot agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## VII.    GENERAL AUTHORIZATION; RATIFICATION OF PAST ACTS

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds that, in the judgment of such Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case, including (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, notes, certificates, or other documents that may be required, (ii) the execution, delivery, certification, recordation, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Officer, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated

thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Officer deemed the same to meet such standard; and be it further

      **RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and be it further

      **RESOLVED**, that, to the extent the Company serves as (i) the sole member or manager or shareholder, (ii) the managing member, (iii) the general partner or (iv) otherwise as the governing body (the "***Controlling Party***"), in each case, of any subsidiary of the Company (the "***Controlled Party***"), each Authorized Officer of the Controlling Party, any one of whom may act without the joinder of any of the others, is hereby authorized in the name and on behalf of the Controlling Party (acting for such Controlled Party in the capacity set forth above, as applicable) to take all of the actions on behalf of such Controlled Party that an Authorized Person is herein authorized to take on behalf of such Controlling Party, in each case subject to board approval as required under the governing documents; and be it further

      **RESOLVED**, that the Company's officers and directors be, and hereby are, directed to cause a copy of this Unanimous Written Consent of the Board of Directors to be inserted into the minute book of the Company.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors of Acorda Therapeutics, Inc., a Delaware corporation, hereby consent to and adopt the foregoing resolutions as of the date first written above, and waive the requirement that a meeting be held to accomplish the same.

DocuSigned by:

8DE6CE646DDE403...

Tom Burns

DocuSigned by:

DCDE50B0862F449...

Ron Cohen

DocuSigned by:

E2BB0B800A72424...

Peder K. Jensen

DocuSigned by:

421B9322CFB541D...

John P. Kelley

DocuSigned by:

C4B12E711EA3416...

Sandra Panem

DocuSigned by:

3FCF7A6845CF480...

John Varian

*[Signature Page to UWC of Board of Directors of Acorda Therapeutics, Inc.]*

Official Form 201A (12/15)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*In re*                                                      Chapter 11

Acorda Therapeutics, Inc.,                          Case No.: 24-____ (__)

_____Debtor._____/          Joint Administration Requested

**Attachment to Voluntary Petition for Non-Individuals Filing for**
**Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   001-31938_____.

2. The following financial data is the latest available information and refers to the debtor's condition on December 31, 2023 (unless otherwise indicated) as reported in Form 10-K for the period ended December 31, 2023 and filed on April 1, 2024.

a. Total assets                                          $  108,525,000_____

b. Total debts (including debts listed in 2.c., below)   $  266,204,000_____

c. Debt securities held by more than 500 holders                    Approximate number
                                                                    of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated☐ | $ _____ | _____ |

d. Number of shares of preferred stock                              0_____
e. Number of shares common stock                                    1,242,098[1]__

Comments, if any:

3. Brief description of debtor's business:   Acorda is a biopharmaceutical company that has developed breakthrough products, therapies, and biotechnology to restore function and improve the lives of people with neurological disorders.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  NONE[2]

---

[1] As of March 27, 2024.
[2] Information provided is based on publicly available information as of the date hereof and may not reflect transfers not yet reported under sections 13 and 16 of the 1934 Securities Exchange Act.

**<u>Attachment A</u>**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
| --- |
| Acorda Therapeutics Limited |
| Acorda Therapeutics, Inc. |
| Biotie Therapies AG |
| Biotie Therapies, LLC |
| Civitas Therapeutics, Inc. |
| Neuronex, Inc. |

<table>
<tr><td>Fill in this information to identify the case</td></tr>
</table>

Debtor name <u>Acorda Therapeutics, Inc., et al.[1]</u>

United States Bankruptcy Court for the: Southern District of New York

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CATALENT MASSACHUSETTS LLC 14 Schoolhouse Road Somerset, NJ 08873 | Attn: General Counsel (Legal Department) Phone: (857) 323-8641 Email: GensCouns@Catalent.com | Settlement Agreement | Unliquidated | – | – | $4,000,000 |
| 2 | CATALENT MASSACHUSETTS LLC 14 Schoolhouse Road Somerset, NJ 08873 | Attn: General Counsel (Legal Department) Phone: (857) 323-8641 Email: GensCouns@Catalent.com | Inventory | Unliquidated | – | – | $3,216,511 |
| 3 | NSIGHT DRIVEN COMMUNICATIONS LLC 379 West Broadway Suite 550 New York, NY 10012 | Attn: John Tenaglia Title: Partner Phone: +1 (914) 204-6145 Email: john.tenaglia@wearemoonrabbit.com | Trade Debt | Unliquidated | – | – | $1,448,740 |

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A). For the purposes of these chapter 11 cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

Debtor Acorda Therapeutics, Inc., et al._____    Case number (*if known*)_____
 Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | SYNEOS HEALTH COMMERCIAL SERVICES, LLC 500 Atrium Drive Somerset, NJ 00873 | Attn: Whitney Armond, III Title: Sr. Vice President, Deployment Solutions Phone: (222) 324-8781 Email: Whitney.armond@syneoshealth.com | Contract Salesforce | Unliquidated | – | – | $1,110,423 |
| 5 | YIPKOS, INC. 6628 Sky Pointe Drive Suite 123 Las Vegas, NV 89131 | Attn: Matt Boylan Title: CTO Phone: +1 (714) 273-3679 Email: matt@yipkos.com | Trade Debt | Unliquidated | – | – | $335,490 |
| 6 | SMC, LTD. 330 SMC Drive Somerset, WI 54025 | Attn: Contract Administration Phone: (715) 247-3500 Fax: (715) 247-3611 Email: SMC.AR@smcltd.com | Inventory | Unliquidated | – | – | $279,247 |
| 7 | PRIME VIGILANCE LTD 26-28 Frederick Sanger Road. Surrey Research Park Guildford, Surrey GU2 7YD | Attn: Richard O'Hara Title: Senior Medical Information Associate Phone: +44(0) 148 3307920 Email: Accounts.ReceivablePV@primevigilance.com | Trade Debt | Unliquidated | – | – | $186,672 |
| 8 | FORTREA PATIENT ACCESS PO Box 931364 Atlanta, GA 31193-1364 | Attn: Lillian Steinbock Title: Executive Director Patient Support Solutions Phone: (240) 623-3926 Email: lillian.steinbock@fortrea.com | Prescription Support Servicer | Unliquidated | – | – | $151,974 |
| 9 | JONES DAY 250 Vesey Street New York, NY 10281-1047 | Attn: Adriane Antler Title: Of Counsel Phone: (212) 326-3630 Email: amantler@jonesday.com | Professional Services | Unliquidated | – | – | $123,282 |

Debtor <u>Acorda Therapeutics, Inc., et al.</u>                            Case number (*if known*)_____
     Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 10 | SHARP CORPORATION7451 Keebler WayAllentown, PA 18106 | Attn: Barbara OstTitle: Vice PresidentPhone: (610) 254-1765Email: barbara.ost@sharpservices.com | Packager | Unliquidated | – | – | $81,624 |
| 11 | APOLLO RX, LLC 150 N Riverside Plaza Suite 3400 Chicago, IL 60606 | Attn: Dan Wallenberg Title: Chief Commercial Officer Phone: (630) 253-3535 Email: dwallenberg@novosgrowth.com | Trade Debt | Unliquidated | – | – | $70,000 |
| 12 | AXIOM GLOBAL, INC. 75 Spring Street/Floor 8 New York, NY 10012 | Attn: Lynn LaPierre Phone: (312) 261-6040 Email: hello@axiomglobal.com | Professional Services | Unliquidated | – | – | $63,000 |
| 13 | EVERSANA LIFE SCIENCE SERVICES 24740 Network Place Chicago, IL 60673-1247 | Attn: Tammy White Title: Associate Director, Medical Communications Phone: (833) 656-1055 Email: Accounting-MC@eversana.com | Trade Debt | Unliquidated | – | – | $56,338 |
| 14 | DLA PIPER LLP (US) PO Box 780528 Philadelphia, PA 19178-0528 | Attn: Michael Sitzman Title: Partner Phone: (415) 615-6175 Email: michael.sitzman@us.dlapiper.com | Professional Services | Unliquidated | – | – | $55,038 |
| 15 | COMPUTER PACKAGES, INC. 11 N. Washington Street, Suite 300 Rockville, MD 20850 | Attn: Anna Sarkissain Phone: (301) 424-8890 Email: ASarkissian@computerpackages.com | Professional Services | Unliquidated | – | – | $52,806 |

Debtor Acorda Therapeutics, Inc., et al.                                            Case number (*if known*)_____
     Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | PRINT COTTAGE 54 Market Street Onancock, VA 23417 | Attn: James Altadonna Title: President Phone: (516) 369-1749 Email: jaltadonna@aol.com | Trade Debt | Unliquidated | – | – | $45,522 |
| 17 | RESEARCH CATALYST, LLC 701 E. Hampden Avenue Suite 510 Englewood, CO 80113 | Attn: Melissa Overbaugh Title: Director Phone: (720) 597-3958 Email: moverbaugh@ResearchCat.com | Trade Debt | Unliquidated | – | – | $41,666 |
| 18 | SLATE360, INC. 6628 Sky Pointe Drive Suite 120 Las Vegas, NV 89131 | Attn: Shawn Donnelly Title: Partner Phone: +1 (508) 298-9048 Email: Accounting@slate360inc.com | Trade Debt | Unliquidated | – | – | $37,841 |
| 19 | XENON PROPERTY, LLCARE/283 Bear Hill Road Region No. 46Waltham, MA 02451 | Phone: (617) 912-7000Email: MRIWebFarm@cbre.com | Landlord | Unliquidated | – | – | $33,027 |
| 20 | INSIGHT PO Box 731069 Dallas, TX 75373-1069 | Attn: Rob McConnell Title: Senior Sales Account Manager Phone: (800) 804-4155 x5752 Email: Rob.McConnell@Insight.com | Trade Debt | Unliquidated | – | – | $32,205 |
| 21 | DELAWARE DEPARTMENT OF FINANCE Office of Unclaimed Property, Carvel State Office Building P.O. Box 8923 Wilmington, DE 19899 | Attn: Holder Reporting Team Phone: (855) 505-7520 Email: escheat.claimquestions@delaware.gov | Government Agency | Unliquidated | – | – | $32,185 |

Debtor  Acorda Therapeutics, Inc., et al._____    Case number (if known)_____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | IQVIA, INC. PO Box 8500-784290 Philadelphia, PA 19178-4290 | Attn: Sylwia Szymanski Title: Finance Manager Phone: (973) 316-4000 Email: Sylwia.Szymanski@iqvia.com | Trade Debt | Unliquidated | – | – | $27,627 |
| 23 | SYNERGISTIX, INC. 480 Sawgrass Corporate Pkwy. Suite 200 Sunrise, FL 33325 | Attn: Don Schenker Title: President & CEO Phone: (954) 707-4201 Email: Don.Schenker@synergistix.com | Trade Debt | Unliquidated | – | – | $27,388 |
| 24 | THE HIBBERT COMPANY, INC. 400 Pennington Avenu Trenton, NJ 08618 | Attn: Oksana Posewa Title: Senior Director of Sales Phone: (609) 222-6088 | Inventory / Warehouse | Unliquidated | – | – | $27,298 |
| 25 | EUROPEAN MEDICINES AGENCY Domenico Scarlattilaan 6 1083 HS Amsterdam, The Netherlands | Phone: +31 (0)88 781 6000 Email: accountsreceivable@ema.europa.eu | Regulator | Unliquidated | – | – | $26,174 |
| 26 | NYS OFFICE OF THE STATE COMPTROLLER Office of Unclaimed Funds Remittance Control, 2nd Floor 110 State Street Albany, NY 12236 | Attn: Office of the State Comptroller Phone: 1 (800) 221-9311 Email: Contactus@osc.ny.gov | Government Agency | Unliquidated | – | – | $25,414 |
| 27 | INDEGENE, INC. PO Box 69091 Baltimore, MD 21264 | Attn: Matt Skoronski Title: Sr Director Phone: (203) 556-2115 Email: matthew.skoronski@indegene.com | Trade Debt | Unliquidated | – | – | $22,500 |

Debtor Acorda Therapeutics, Inc., et al. _____    Case number (*if known*)_____
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | ELMORE PATENT LAW GROUP. PC484 Groton RoadWestford, MA 01886 | Attn: Carolyn ElmoreTitle: PresidentPhone: (978) 251-3509Email: celmore@elmorepatents.com | Professional Services | Unliquidated | – | – | $19,518 |
| 30 | THE CEMENTWORKS, LLC 32 Old Slip 15th Floor New York, NY 10005 | Attn: Jennifer Matthews Title: CEO and President Phone: (212) 524-6200 Email: jmatthews@thebloc.com | Trade Debt | Unliquidated | – | – | $16,698 |
| 30 | CAREMARK, L.L.C. 2211 Sanders Road 8th Floor Northbrook, IL 60062 | Attn: Bradley Kruk Title: Manager, Trade Services Email: bradley.kruk@cvshealth.com | Customer | Unliquidated | – | – | $14,303 |

John R. Dodd (*pro hac vice* pending)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: john.dodd@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4695
Facsimile: 212-310-1695
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| ACORDA THERAPEUTICS, INC., *et al.,*[1] | Case No. 24-_____ (___) |
| Debtor. | Joint Administration Requested |
| _____/ | |

<u>**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and

Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, Acorda

Therapeutics, Inc. ("**Acorda**") and its affiliated debtors in the above-captioned chapter 11 cases,

as debtors and debtors in possession (collectively, the "**Debtors**") hereby disclose that the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A).  For the purposes of these Chapter 11 Cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

following are the corporations, other than a governmental unit, that directly own 10% or more of any class of the Debtors' equity interest:

1.      Acorda is a publicly traded corporation.  No corporation owns 10% or more of any class of Acorda's equity interest.[2]

2.      Acorda directly owns 100% of the equity or membership interests, as applicable, of each other Debtor, with the exception of Biotie Therapies AG.

3.      Biotie Therapies, LLC directly owns 100% of the equity and membership interests of Biotie Therapies AG.

---

[2]Information provided is based on publicly available information as of the date hereof and may not reflect transfers not yet reported under sections 13 and 16 of the 1934 Securities Exchange Act.

John R. Dodd (*pro hac vice* pending)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: john.dodd@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4695
Facsimile: 212-310-1695
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| ACORDA THERAPEUTICS, INC., *et al.,*[1] | Case No. 24-_____ (___) |
| Debtor. | Joint Administration Requested |

_____/

### <u>LIST OF EQUITY SECURITY HOLDERS</u>

Following is the list of Debtors' equity security holders (other than Acorda Therapeutics,

Inc.)[2] which is prepared in accordance with rule 1007(a)(3) for filing in these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A).  For the purposes of these Chapter 11 Cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

[2] By the *Motion of Debtors for Entry of an Order (i) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (ii) Waiving the Requirement to File List of Equity Security Holders and Provide Notice to Equity Security Holders* filed contemporaneously herewith, Debtor Acorda Therapeutics, Inc. is requesting a waiver of the requirement under rule 1007 to file a list of all of its equity security holders.

| DEBTOR | NAME AND ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR PERCENTAGE OF EQUITY HELD |
|---|---|---|
| Acorda Therapeutics, Inc. | Davidson Kempner Capital Management LP 520 Madison Avenue New York, New York 10022 | 55,145 |
| Acorda Therapeutics, Inc. | Renaissance Technologies, LLC 800 Third Ave New York, New York 10022 | 45,761 |
| Acorda Therapeutics, Inc. | Acadian Asset Management LLC 260 Franklin Street Boston, Massachusetts 02110 | 33,691 |
| Acorda Therapeutics, Inc. | Vanguard Group Inc. PO Box 2600 Valley Forge, Pennsylvania, 19482 | 10,808 |
| Acorda Therapeutics, Inc. | Blackrock Inc. 50 Hudson Yards New York, New York 10001 | 6,628 |
| Acorda Therapeutics, Inc. | Wells Fargo & Company/Mn 420 Montgomery Street San Francisco, California 94163 | 3,741 |
| Acorda Therapeutics, Inc. | Morgan Stanley 1585 Broadway New York, New York 10036 | 1,176 |
| Acorda Therapeutics, Inc. | Russell Investments Group, Ltd. Rex House, 10 Regent Street London, England SW1Y4PE | 300 |
| Acorda Therapeutics, Inc. | UBS Group AG Bahnhofstrasse 45 Zurich, Switzerland CH-8001 | 298 |
| Acorda Therapeutics, Inc. | Bank of America Corp /De Bank of America Corporate Center Charlotte, North Carolina 28255 | 50 |
| Acorda Therapeutics, Inc. | Royal Bank of Canada Royal Bank Plaza Toronto, Canada M5J2J5 | 14 |
| Acorda Therapeutics, Inc. | First Manhattan Co. LLC 399 Park Ave New York, New York 10022 | 3 |
| Acorda Therapeutics, Inc. | JPMorgan Chase & Co. 383 Madison Avenue New York, New York 10017 | 3 |
| Acorda Therapeutics, Inc. | Osaic Holdings, Inc. 2800 N. Central Avenue Phoenix, Arizona 85004 | 1 |

| DEBTOR | NAME AND ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR PERCENTAGE OF EQUITY HELD |
|---|---|---|
| Acorda Therapeutics, Inc. | Qube Research & Technologies Ltd 10th Flr, Nova South Building, London, , SW1E 5LB (44207) | 1 |
| Civitas Therapeutics, Inc. | Acorda Therapeutics, Inc. 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |
| Biotie Therapies, LLC | Acorda Therapeutics, Inc. 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |
| Neuronex, Inc. | Acorda Therapeutics, Inc. 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |
| Acorda Therapeutics Limited | Acorda Therapeutics, Inc. 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |
| Biotie Therapies AG | Biotie Therapies, LLC 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name __Acorda Therapeutics, Inc.__

United States Bankruptcy Court for the: __Southern__ District of __New York__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Consolidated Corporate Ownership Statement and Consolidated List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __04/01/2024__          ✗ __/s/ Michael A. Gesser__
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

__Michael A. Gesser__
Printed name

__Chief Financial Officer__
Position or relationship to debtor