### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                               :        Chapter 11

ACORDA THERAPEUTICS, INC., *et al.*,  :

Debtors.[1]             :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 24-22284 (DSJ)

(Jointly Administered)

## SCHEDULE OF ASSETS AND LIABILITIES FOR BIOTIE THERAPIES, LLC (CASE NO. 24-22286)

---

1    The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A).  For the purposes of these Chapter 11 Cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| ACORDA THERAPEUTICS, INC, *et al.*,[1] | Case No. 24-22284 (DSJ) |
| Debtors. | Jointly Administered |

_____/

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On April 1, 2024 (the "**Petition Date**") Acorda Therapeutics, Inc. and certain of its affiliates (each a "**Debtor**" and collectively, the "**Debtors**") commenced voluntary cases (the "**Chapter 11 Cases**") under title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 24-22284 (DSJ).

The Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") were prepared pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by the Debtors' management, in conjunction with their financial and legal advisors, using unaudited information available as of the Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

*The Schedules and Statements and these Global Notes should not be relied upon by any*

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number are: Acorda Therapeutics, Inc. (1168); Civitas Therapeutics, Inc. (2814); Biotie Therapies, LLC (2149); Biotie Therapies AG (N/A); Neuronex, Inc. (5094), Acorda Therapeutics Limited (N/A). The Debtors' mailing address is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

*persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.*

## Reservation of Rights

The Debtors' Chapter 11 Cases are large and complex. The Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.

The Debtors have made reasonable efforts to schedule the assets and liabilities, required financial information, and cash disbursements according to the appropriate Debtor entity. However, it is possible that not all scheduled information is attributed or recorded with the correct Debtor entity on these Schedules and Statements. Further, one affiliate company of the Debtors did not file a petition for relief under the Bankruptcy Code in the Bankruptcy Court of this or any other jurisdiction in the United States (the "**Non-Debtor Affiliate**"). The Debtors have made every reasonable effort to exclude all assets and liabilities of the Non-Debtor Affiliate in the Schedules and Statements.

Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. As the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate and/or complete. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements.

The Debtors have made reasonable efforts to characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly. Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items. In addition, certain items reported in the Schedules and Statements could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant and/or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract. Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection. The Debtors reserve their

respective rights to dispute, or assert offsets, setoffs, or defenses to, any claim reflected on the Schedules as to the nature, amount, liability, or status or  to otherwise subsequently designate any claim as disputed, contingent, and/or unliquidated.

The Debtors and their attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtors and their attorneys and financial advisors expressly do not undertake any obligation to revise the information provided herein, or to notify any third party should the information be revised. In no event shall the Debtors or their attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtors), whether foreseeable or not and however caused, even if the Debtors or their attorneys and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Michael Gesser, in his capacity as Chief Financial Officer and Treasurer of Acorda Therapeutics, Inc., President and Treasurer of Civitas Therapeutics, Inc., and Board Member of Biotie Therapies LLC, Neuronex, Inc., and Biotie Therapies AG, and Ron Cohen as Board Member of Acorda Therapeutics Limited. In reviewing and signing the Schedules and Statements, Mr. Gesser and Dr. Cohen have necessarily relied upon the efforts, statements, and representations of the Debtors' various personnel and advisors. Mr. Gesser and Dr. Cohen have not (and could not possibly have) personally verified the accuracy of each statement and representation included in the Schedules and Statements, including statements and representations concerning amounts owed to creditors and their addresses.

In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control. Additionally, disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## <u>Global Notes and Overview of Methodology</u>

1.    **<u>Basis of Presentation</u>**.  The Debtors historically prepared consolidated quarterly and annual consolidated financial statements that were audited annually and included all of the Debtors, as well as affiliated non-Debtor entities. Unlike the consolidated financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with accounting principles generally accepted in the United States ("**GAAP**"), nor are they intended to fully reconcile to the financial statements prepared by the Debtors. These Schedules and Statements reflect the best available estimate of assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the data extracted from the available Debtors' books and records

and historical financial statements. The fair value and net realizable value of real and personal property may vary materially from the net book value presented herein.

2.   **Reporting Date**.  Each Debtor operates on a fiscal year ending on December 31st annually. All asset and liability information, except where otherwise noted, is provided as of the Petition Date.

3.   **Currency**.  All amounts are reflected in U.S. dollars, unless otherwise indicated.

4.   **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenue and expense.  Actual results could differ materially from these estimates. The Debtors reserve the right to amend the reported amounts of assets, liabilities, revenues, and expenses to

5.   **Claims Description**.  Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."

6.   **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined values or, conversely, claims listed as unliquidated, contingent and/ or disputed, the actual totals may be different than the listed totals.

7.   **Undetermined, To be Determined or Unknown Amounts**.  The description of an amount as "undetermined," "to be determined," or "unknown" is not intended to reflect upon the materiality of such amount.  Certain amounts may be clarified during the course of the Chapter 11 Cases.

8.   **Asset Presentation and Valuation**.  The Debtors' assets presented are based on values consistent with their books and records.  These values do not purport to represent the ultimate value that would be received in the event of a sale, and may not represent economic value as determined by an appraisal or other valuation technique.  As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value on the Debtors' books (*e.g.*, net book value), rather than current economic values, is reflected on the Schedules and Statements.

9.   **Cash Management.**  The Debtors use an integrated, centralized cash management system to facilitate the collection, concentration and disbursement of the various Debtors' funds around the world.  As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system.  A description of the Debtors' prepetition cash management system is contained in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (B) Continue Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Claims, and (III) Waiving Certain Operating Guidelines* [Docket No. 15].

**10.**    **Contingent Assets and Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any causes of action, avoidance actions, controversy, right of set-off, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) guarantees, (ii) indemnities, (iii) intercompany loans, (iv) warranties, and (vi) other arrangements.

**11.**    **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The Debtors reserves all of its rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

**12.**    **Guarantees and Other Secondary Liability Claims**.  The Debtors have used their reasonable best efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other similar agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedules of the Debtor or Debtors affected by such Guarantees. Where a Guarantee exists, co-obligors are listed on a Debtor's Schedule H to the extent the Debtor is either the primary obligor or the guarantor of the relevant obligation. To the extent that a Debtor is a guarantor, such Guarantees are also listed on its Schedule D or E/F, as appropriate, and listed as "contingent" and "unliquidated" unless otherwise specified. Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified.   In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize, reclassify, add, or remove any such contract or claim.

**13.**    **Pledged Assets**.  A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors.  Assets pledged as collateral include, among other things, cash, securities, inventories, equipment, contract rights, and other related assets.  In certain instances, one Debtor may be a co-obligor or guarantor with respect to the obligations of another Debtor or non-Debtor, which obligation or guarantee is secured by property pledged by the Debtor.

**14.**    **Leases and Executory Contracts**.  Certain leases may be reflected twice in a Debtor's Schedules – once in the Debtor's Schedule G as an executory contract and again in Schedule D or F, as appropriate, as a contingent, unliquidated claim on account of the Debtor's corresponding obligations under the lease or contract.  Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.

**15.**    **Intercompany Transactions.**  In the ordinary course of business, the Debtors and certain Non-Debtor Affiliates engage in intercompany transactions (the "**Intercompany Transactions**"), which result in intercompany receivables and payables (the "**Intercompany Claims**"). As set forth more fully in the Cash Management Motion, the primary Intercompany Transactions giving rise to Intercompany Claims are cash receipt activities, disbursement activities, inventory purchases, and expense allocations. Known and assumed prepetition receivables and payables among and between the Debtors and affiliates are reported on Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records. In certain instances, intercompany accounts may not have been reconciled and therefore the values are unknown and are listed as such. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

**16.**    **Liabilities**.  Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time. In such cases, the amounts are listed as "unknown," "to be determined," or "undetermined." Further, liabilities such as certain deferred liabilities, accruals, or general reserves are not included as they are general estimates and do not represent specific claims as of the Petition Date for each Debtor.  Accordingly, the total amounts listed for some categories of liabilities in the Schedules and the Statements may not be equal to the aggregate amount of the Debtors' total liabilities as noted on any financial statements issued prior to the Petition Date.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**17.**    **Creditor Facilities**.  Although there may be multiple parties that hold a portion of the debt comprising the Debtors' prepetition credit facilities and notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule D, E/F, and H.

**18.**    **Confidentiality**.  In certain instances, in the Schedules and Statements, the Debtors have

deemed it necessary and appropriate to redact from the public record addresses of individuals because of concerns for the privacy of, or otherwise to preserve the confidentiality of, personally identifiable information. Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.  The home addresses of most of the Debtors' current and former employees (including directors and officers) may reflect the office locations of the employees.

19.    <u>**First Day Orders**</u>.  The Bankruptcy Court has authorized (each, a "**First Day Order**") the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, Debtors' employee wages and compensation, commissions, benefits, and reimbursable business expenses; taxes and regulatory fees; claims of certain critical vendors and foreign creditors; claims of shippers, warehousemen, and other lien claimants; and obligations related to the customer and sales programs. Given that certain of these claims are anticipated to be paid in accordance with the First Day Orders, such claims may not be listed in the Schedules, or may otherwise be listed as "unknown" or "to be determined." The scheduled claims are intended to reflect only sums due and owing before the Petition Date for which the Debtors did not obtain relief from the Bankruptcy Court to satisfy in whole or in part.

The Debtors reserve their rights to object to any listed claims on the ground that, among other things, such claims have already been satisfied pursuant to a First Day Order.  The estimate of claims set forth in the Schedules may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

20.    <u>**Excluded Assets and Liabilities**</u>.  The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules.  The Debtors have excluded the following items from the Schedules: accrued gross-to-net liabilities, accrued salaries and commissions, employee benefit accruals, and certain other accruals, capitalized interest, debt acquisition costs, restricted cash, goodwill, financial instruments, liabilities, certain other assets, and deferred revenues and gains. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.  Other immaterial assets and liabilities may also have been excluded.

21.    <u>**Intellectual Property Rights**</u>.  Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have expired by their terms.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have not expired by their terms.  Accordingly, the Debtors reserve all of their rights as to the legal status of all intellectual property rights.

22.    <u>**Liens**</u>.  The inclusion on Schedule D of creditors is not an acknowledgement of the validity, extent, or priority of any liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.  A careful review of the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature,

extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

**23.     Insiders**. The Debtors have attempted to include all payments made by each Debtor over the 12 months preceding the Petition Date to any creditor deemed an "insider." For purposes of the Schedules and Statements, the Debtors defined "insiders" as such term is defined in section 101(31) of the Bankruptcy Code. The listing of a creditor as an "insider," however, is not intended to be nor should be construed as a legal characterization of such creditor as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Moreover, the Debtors do not take any position with respect to (i) such person's influence over the control of the Debtors, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual, or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law or with respect to any theory of liability or for any other purpose. As such, the Debtors reserve the right to dispute whether someone identified as an insider herein is in fact an "insider" as within the meaning of section 101(31) of the Bankruptcy Code or otherwise.

**24.     Limitation of Liability**. The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or correctness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re- categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

## Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- **General**. Each Debtor's assets in Schedule A/B are listed at net book value as of the Petition Date, unless otherwise noted, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date. More specifically, the asset and liability totals represent amounts obtained utilizing trial balances through the Petition Date, with asset totals depreciated through March 31, 2024. The Debtors close their books quarterly.

- <u>Cash and Cash Equivalents (AB1 through AB5)</u>. The reported bank balances and cash on hand include cash held in various currencies, converted into U.S. dollars as of the Petition Date. Details with respect to the Debtors' bank accounts are provided in the Debtors' Schedules and are as of as of the Petition Date and may vary from the Debtor's books and records amounts.

- <u>Deposits (AB7)</u>. The Debtors have made reasonable efforts to identify all deposits. However, the Schedules may not reflect an exhaustive list of deposits.

- <u>Prepayments (AB8)</u>. The Debtors have made reasonable efforts to identify prepayments by vendor wherever feasible. In instances where individual balances are too numerous or minor to list separately, consolidated balances are reported instead.

- <u>Accounts Receivable (AB11).</u> The Debtors' reported accounts receivable through March 31, 2024. Except for Biotie Therapies, LLC, accounts receivable balances are presented <u>*gross*</u> of allowances for doubtful accounts and other reserves for any unsettled amounts that may be owed to customers in the form of chargebacks, discounts and returns. As of the Petition Date, these balances were as follows:
  - <u>Acorda Therapeutics, Inc</u>:
    - Allowance for doubtful accounts: $279,792
    - Reserve for returns: $29,457
    - Reserve for cash discounts: $180,623
    - Reserve for chargebacks: $344,703
  - <u>Civitas Therapeutics, Inc</u>.
    - Allowance for doubtful accounts: $37,413
    - Reserve for returns: $15,247
    - Reserve for cash discounts: $21,681
    - Reserve for chargebacks: $144,835

- <u>Investments (AB13 through AB17)</u>. Ownership interests in other Debtor subsidiaries and Non-Debtor Affiliates have been identified in AB15 in an undetermined amount because the fair market value of such ownership interest is dependent on numerous variables and factors that may cause their fair market value to differ materially from their net book value.

- <u>Inventory (AB19 through AB26)</u>. Items listed in AB19-26 are scheduled according to their net book value. The Debtors have made reasonable efforts to identify or estimate any inventory that was purchased within the 20 days preceding the Petition Date; however, it is possible that inadvertent errors or omissions may have occurred in identifying these amounts.
  - AB19: Inventory: Civitas Therapeutics, Inc.'s inventory balances do not include an obsolescence reserve of $1,764,175. As of the Petition Date, neither Acorda Therapeutics, Inc. nor any other debtors recorded or maintained such a reserve.
  - Cost is determined using a first-in, first-out method (FIFO) for all inventories.

- <u>Office Furniture, Fixtures, and Equipment; and Collectibles (AB38 through AB45)</u>. The Debtors have made reasonable efforts to identify all office furniture, fixtures, equipment, and collectibles; however, it is possible that inadvertent errors or omissions may have occurred in identifying these items. The value of the office furniture and fixtures and the office equipment included on Exhibits 39 and 41 are reflected at the net book value as of the Petition Date.

- <u>Machinery, Equipment, and Vehicles (AB46 through AB53)</u>. The Debtors have made reasonable efforts to identify all machinery, equipment, and vehicles; however, it is possible that inadvertent errors or omissions may have occurred in identifying these items. The manufacturing equipment value, including lab equipment, is recorded at its net book value as of the Petition Date.

- <u>Real Property (AB54 through AB58)</u>. Any buildings and leasehold improvements, as may be applicable, are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or leasehold improvement is connected is property owned by the Debtors. Additionally, some amounts may have been listed as unknown due to the aforementioned circumstances. The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

  Certain of the instruments listed in the Schedules and Statements may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A/B 55, and elsewhere, is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B 55, and elsewhere, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument, including any intercompany agreement. The value of the leasehold improvements is reflected at the net book value as of the Petition Date.

- <u>Intangibles and Intellectual Property (Part 10):</u> Part 10 identifies the various patents, trademarks, internet domain names, licenses, royalties and customer lists that the Debtors have an interest in. The Schedules do not list the book balances of intangible assets because they may not be reflective of realizable values. As of the Petition Date, the Debtors' books and records included balances for various intangible assets; however, the Schedules do not list the book balances of intangible assets because they may not be reflective of realizable values. A determination as to the realizable value of each intangible and intellectual property has not been made and, therefore, the balance is listed as undetermined. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated or assigned; have expired by their terms; or otherwise have been transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed as an admission that such intellectual

property rights have not been abandoned, terminated or assigned; have not expired by their terms; or otherwise have not been transferred pursuant to a sale, acquisition or other transaction.

- <u>Tax Refunds and Net Operating Losses ("**NOLs**") (AB72):</u>  The Debtors file a consolidated U.S. federal tax return for Acorda Therapeutics, Inc., Civitas Therapeutics, Inc., and Neuronex, Inc., while Biotie Therapies, Inc., which converted to an LLC in 2023, file separately. Balances presented herein represent estimated federal and state NOL amounts as of December 31, 2023. Additionally, state NOLs, filed on a consolidated basis across debtor entities, have been entirely allocated to Acorda Therapeutics, Inc.

- <u>Interests in Insurance Policies (AB73)</u>. The Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies, and other employee related policies.  A determination as to the surrender or refund value of each of the insurance policies has not been made and therefore the balance is listed as undetermined.

**<u>Schedule D Notes</u>**.

- The Debtors' 6.00% convertible senior secured notes due December 1, 2024 were issued pursuant to that certain Indenture, dated as of December 23, 2019, by and among Acorda, as issuer, its wholly owned subsidiary Civitas Therapeutics, Inc., along with any domestic subsidiaries acquired or formed after the date of issuance, as guarantors, and Wilmington Trust, National Association, as trustee and collateral agent.

- Except as otherwise agreed in accordance with any stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D.  The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

- The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

- The amounts outstanding under the Debtors' prepetition secured notes reflect the approximate principal amounts as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing

in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

**Schedule E/F Notes**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date. However, the actual value of claims against the Debtors may vary significantly from the represented liabilities.

- Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The Bankruptcy Court has authorized the Debtors to pay, in whole or in part, prepetition claims relating to the Debtors' employee wages and compensation, commissions, benefits, and reimbursable business expenses, and taxes and regulatory fees. The Debtors' Schedule E/F reflects those employee related claims or taxes and regulatory fees due and owing as of the Petition Date for which the Debtors obtained relief from the Bankruptcy Court to satisfy in whole or in part.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute.

- Certain omissions may have occurred. The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

- In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Furthermore, payments to critical and foreign vendors, and lienholders made subsequent to the filing of these Schedules will not be reflected in these Schedules. The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices and/or make such payments. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect all credits or

allowances due from the creditor.  The Debtors reserve all of their rights concerning credits or allowances.

**Schedule G Notes**.

- The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary.  Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract.  Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.  In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- In some cases, the same contract counterparty appears multiple times in a Debtor's Schedule G.  This multiple listing is generally intended to reflect distinct agreements between the applicable Debtor and such counterparty, however, due to the magnitude of data, it is possible that a multiple listing may be the result of duplicates.

- To the extent that dates are included in Schedule G, such dates solely represent the initial execution of agreements between the Debtors and third parties. Given the significant administrative effort required to determine the duration of each contract, only the inception dates of these agreements are disclosed.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  A Debtor's Schedule G may be amended at any time to add or remove, as the case may be, any omitted contract, agreement or lease.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the leases listed on Schedule G may contain renewal options, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G.  Certain of the agreements listed on Schedule G may also be in the nature of conditional sales agreements or secured

financings, and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained.  In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

## Statement of Financial Affairs

**Statement Question 3 – 90 Day Payments.** Due to the complex nature of the Debtors' global operations, the listed 90-day payments may not constitute an exhaustive list. Payments to the Debtors' bankruptcy professionals, insiders, intercompany transactions, wage garnishments and donations were not included in the payments to creditors. Payments to the aforementioned parties were included in the following locations within the Statements: bankruptcy professionals (Question 11) and insiders (Question 4).

**Statement Question 4 – Payments to Insiders.** For the purpose of this question, all payments are listed on the Statement of the Debtor that actually made the payment. Stock options are not reflected in the schedule, because although they were granted during the lookback period, none were exercised.

**Statement Question 7 – Legal Actions.** Certain litigation actions against one Debtor may relate to any of the other Debtors or Non-Debtor Affiliates. The Debtors have made commercially reasonable efforts to identify all current pending litigation involving the Debtors and to record these actions in the Statements of the Debtor that is party to the action. However, certain omissions may have occurred. The inclusion of any legal action in this question does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim currently pending or that may arise in the future. As the Debtors continue to operate their business, additional litigation actions may arise as a result thereof. Accordingly, the Debtors reserve the right to amend, supplement, or otherwise modify the Schedules and Statements, as is necessary or appropriate.

**Statement Question 11 – Payments Related to Bankruptcy**. During the one year prior to the Petition Date, the Debtors sought assistance from various professionals and individuals and have included all payments made to those professionals, including those services unrelated to the bankruptcy filing. Due to timing and resource limitations, the Debtors are unable to effectively bifurcate payments solely related to debt restructuring and/or bankruptcy services for the one-year period prior to the Petition Date. As a result, the payments listed in response to this question may include payments not related to debt restructuring and/or bankruptcy services for certain professionals listed.

**Statement Question 25 - Other businesses in which the Debtor has or has had an interest:** No Taxpayer ID number could be identified by the Debtor for Biotie Therapies Gmbh. Instead, the entity's registered number with the German government has been listed.

**Statement Question 26b - Firms or Individuals Who Have Audited, Compiled, Or Reviewed Debtor's Books.** Other third parties may have audited, compiled, or reviewed the Debtor's books but are not included in the Debtors' responses to Statement Question 26b.

**Statement Question 26c – Firms or Individuals in Possession of Debtor's Books of Account and Records.** Other third parties besides those listed may possess a subset of the Debtor's books and records but are not included in the Debtors' responses to Statement Question 26c.

**Statement Question 26d – Parties whom the debtor issued a financial statement within 2 years before filing this case.** Acorda is a registrant with the Securities and Exchange Commission

("**SEC**") and as such files periodic reports on Form 8-K, Form 10-Q, and Form 10-K. Additionally, financial information for Acorda can be found on Acorda's website at www.acorda.com. Due to the fact the SEC filings and Acorda's website are of public record, Acorda does not maintain records for those parties that have requested or obtained copies of any of the reports from the SEC or the Debtor. The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Additionally, the Debtors have also provided financial statements to numerous parties who were conducting due diligence during the course of the Debtors' pre-petition sale and financing process. Considering the number of such recipients and the possibility that in some cases such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of SOFA 26d.

**Statement Question 28– Current and Directors**.  The percentage of beneficial ownership is based on 1,279,834 shares of common stock issued and outstanding on April 25, 2024.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders**.  Refer to Statement Question 11 for this item.

Debtor    **Biotie Therapies, LLC**_____    Case number (if known) **24-22286**_____
         Name

| Fill in this information to identify the case: |
|---|

Debtor name    **Biotie Therapies, LLC**_____

United States Bankruptcy Court for the:    **Southern District of New York**_____

Case number (if known)    **24-22286**_____

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
|---|---|

1.    ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    1a.    **Real property:**
        Copy line 88 from Schedule A/B.............................................................................    $ _____ **0.00**

    1b.    **Total personal property:**
        Copy line 91A from Schedule A/B.........................................................................    $ _____ **36,413.50**
        **plus undetermined amounts**

    1c.    **Total of all property:**
        Copy line 92 from Schedule A/B...........................................................................    $ _____ **36,413.50**
        **plus undetermined amounts**

| Part 2: | Summary of Liabilities |
|---|---|

2.    ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D............................    $ _____ **0.00**

3.    ***Schedule E/F:*** Creditors Who Have Unsecured Claims (Official Form 206E/F)

    3a.    **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 5a of *Schedule E/F*...............................................    $ _____ **133,263.00**

    3b.    **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..................................    +$ _____ **0.00**

4.    **Total liabilities** .........................................................................................................................
    Lines 2 + 3a + 3b    $ _____ **133,263.00**

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Biotie Therapies, LLC** |
| United States Bankruptcy Court for the: | **Southern District of New York** |
| Case number (if known) | **24-22286** |

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2.     Cash on Hand** | |
| 2.1 | $0.00 |

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **3.     Checking, savings, money market, or financial brokerage accounts** | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| 3.1   Bank of America, N.A. | Main Operating Account | 9837 | $36,413.50 |

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **4.     Other cash equivalents** *(Identify all)* | |
| 4.1 | $0.00 |

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | 24-22286 |
| | Name | | |

5. **Total of Part 1.**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   | |
   |---|
   | **$36,413.50** |

---

## Part 2:  Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

   ■ No. Go to Part 3.

   ☐ Yes. Fill in the information below

   | | | **Current value of debtor's interest** |
   |---|---|---|
   | 7. | **Deposits, including security deposits and utility deposits** | |
   | | Description, including name of holder of deposit | |
   | 7.1 | | $0.00 |

   | | | **Current value of debtor's interest** |
   |---|---|---|
   | 8. | **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** | |
   | | Description, including name of holder of prepayment | |
   | 8.1 | | $0.00 |

9. **Total of Part 2.**
   Add lines 7 through 8. Copy the total to line 81.

   | |
   |---|
   | **$0.00** |

---

## Part 3:  Accounts receivable

10. **Does the debtor have any accounts receivable?**

   ☐ No. Go to Part 4.

   ■ Yes. Fill in the information below

---

Debtor **Biotie Therapies, LLC**                                    Case number (*if known*) **24-22286**
　　　　　Name

|  |  | Current value of debtor's interest |
|---|---|---|

**11.** **Accounts receivable**

11a. 90 days old or less:

| $0.00 | - | $0.00 | = | $0.00 |
|---|---|---|---|---|
| face amount | | doubtful or uncollectible accounts | | |

11b. Over 90 days old:

| $89,630.10 | - | $89,630.10 | = | $0.00 |
|---|---|---|---|---|
| face amount | | doubtful or uncollectible accounts | | |

**12.** **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| $0.00 |
|---|

**Part 4:** **Investments**

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.** **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 |  | $0.00 |
|---|---|---|

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**15.** **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | % of ownership | | |
|---|---|---|---|
| 15.1  Biotie Therapies AG | 100% | % | N/A | Undetermined |

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**16.** **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

| 16.1 |  | $0.00 |
|---|---|---|

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | **24-22286** |
|---|---|---|---|
| | Name | | |

**17.** **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

| **Undetermined** |
|---|

---

| **Part 5:** | Inventory, excluding agriculture asset |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23.** **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

| **$0.00** |
|---|

Debtor    **Biotie Therapies, LLC**                                    Case number (*if known*) **24-22286**
          Name

24.    **Is any of the property listed in Part 5 perishable?**

☐ No.

☐ Yes.

25.    **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes. Book value _____  Valuation method _____  Current Value _____

26.    **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.

☐ Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| 28.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 29. **Farm animals** *Examples: Livestock, poultry, farm-raised fish* | | | |
| 29.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 30. **Farm machinery and equipment** *(Other than titled motor vehicles)* | | | |
| 30.1 | | | $0.00 |

Debtor **Biotie Therapies, LLC**                                             Case number (*if known*) **24-22286**
Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **31.** **Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **32.** **Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33.** **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

$0.00

**34.** **Is the debtor a member of an agricultural cooperative?**

☐ No.

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No.

☐ Yes.

**35.** **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes. Book value _____ Valuation method _____ Current Value _____

**36.** **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.

☐ Yes.

**37.** **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | **24-22286** |
|---|---|---|---|
| | Name | | |

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.

☐ Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.** **Office furniture** | | | |
| 39.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **40.** **Office fixtures** | | | |
| 40.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **41.** **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **42.** **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86

|  |
|---|
| **$0.00** |

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | 24-22286 |
|---|---|---|---|
| | Name | | |

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.

☐ Yes.

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of debtor's<br>interest |
|---|---|---|---|
| 47.    **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of debtor's<br>interest |
|---|---|---|---|
| 48.    **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers,<br>motors,floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of debtor's<br>interest |
|---|---|---|---|
| 49.    **Aircraft and accessories** | | | |
| 49.1 | | | $0.00 |

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | **24-22286** |
|---|---|---|---|
| | Name | | |

| | General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of debtor's<br>interest |
|---|---|---|---|---|
| 50. | **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | | | | $0.00 |

| | | |
|---|---|---|
| 51. | **Total of Part 8.**<br>Add lines 47 through 50. Copy the total to line 87. | **$0.00** |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| **Part 9:** | **Real property** |
|---|---|

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.

☐ Yes. Fill in the information below

| | Description and location of<br>property<br>Include street address or other<br>description such as Assessor<br>Parcel Number (APN), and type<br>of property (for example,<br>acreage, factory, warehouse,<br>apartment or office building, if<br>available. | Nature and<br>extent of<br>debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|---|
| 55. | **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1 | | | | | $0.00 |

| | | |
|---|---|---|
| 56. | **Total of Part 9.**<br>Add the current value on lines 55.1 through 55.0 and entries from any additional sheets.<br>Copy the total to line 88 | **$0.00** |

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | **24-22286** |
|---|---|---|---|
| | Name | | |

57.     **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.

☐ Yes.


58.     **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

☐ Yes.


## Part 10:    Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

■ Yes. Fill in the information below

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | Allowed To Lapse Austria Patent No. AT895666T | Undetermined | N/A | Undetermined |
| 60.2 | Allowed To Lapse Canada Patent Application No. CA3037059 | Undetermined | N/A | Undetermined |
| 60.3 | Allowed To Lapse Canada Patent No. CA2695372C | Undetermined | N/A | Undetermined |
| 60.4 | Allowed To Lapse EPO Patent No. EP3210983B1 | Undetermined | N/A | Undetermined |
| 60.5 | Allowed To Lapse Hong Kong Patent Application No. HK10109609.2 | Undetermined | N/A | Undetermined |
| 60.6 | Allowed To Lapse Hong Kong Patent Application No. HK18101155 | Undetermined | N/A | Undetermined |
| 60.7 | Allowed To Lapse Hong Kong Patent Application No. HK18104835 | Undetermined | N/A | Undetermined |
| 60.8 | Allowed To Lapse Hong Kong Patent Application No. HK18111862 | Undetermined | N/A | Undetermined |
| 60.9 | Allowed To Lapse Hong Kong Patent Application No. HK19126558 | Undetermined | N/A | Undetermined |
| 60.10 | Allowed To Lapse Hong Kong Patent Application No. HK62020002336 | Undetermined | N/A | Undetermined |
| 60.11 | Allowed To Lapse Hong Kong Patent No. HK1170219A1 | Undetermined | N/A | Undetermined |
| 60.12 | Allowed To Lapse Hong Kong Patent No. HK1185811A1 | Undetermined | N/A | Undetermined |
| 60.13 | Allowed To Lapse Israel Patent Application No. IL257418 | Undetermined | N/A | Undetermined |
| 60.14 | Allowed To Lapse Israel Patent Application No. IL265656 | Undetermined | N/A | Undetermined |
| 60.15 | Allowed To Lapse Israel Patent No. IL225868B | Undetermined | N/A | Undetermined |

| Debtor | **Biotie Therapies, LLC** | | Case number (*if known*) | **24-22286** |
|---|---|---|---|---|
| | Name | | | |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.16 | Allowed To Lapse Mexico Patent Application No. MX2021014093 | Undetermined | N/A | Undetermined |
| 60.17 | Allowed To Lapse Mexico Patent Application No. MX2022001510 | Undetermined | N/A | Undetermined |
| 60.18 | Allowed To Lapse Mexico Patent No. MX357542B | Undetermined | N/A | Undetermined |
| 60.19 | Allowed To Lapse Mexico Patent No. MX382823B | Undetermined | N/A | Undetermined |
| 60.20 | Allowed To Lapse Mexico Patent No. MX387961B | Undetermined | N/A | Undetermined |
| 60.21 | Allowed To Lapse Mexico Patent No. MX391921B | Undetermined | N/A | Undetermined |
| 60.22 | Allowed To Lapse New Zealand Patent Application No. NZ751666 | Undetermined | N/A | Undetermined |
| 60.23 | Allowed To Lapse Philippines Patent Application No. PH12015502210 | Undetermined | N/A | Undetermined |
| 60.24 | Allowed To Lapse Philippines Patent No. PH12010500230B1 | Undetermined | N/A | Undetermined |
| 60.25 | Allowed To Lapse Singapore Patent Application No. SG10201705968R | Undetermined | N/A | Undetermined |
| 60.26 | Allowed To Lapse South Africa Patent Application No. ZA201302781 | Undetermined | N/A | Undetermined |
| 60.27 | Allowed To Lapse South Africa Patent Application No. ZA201708467 | Undetermined | N/A | Undetermined |
| 60.28 | Allowed To Lapse South Africa Patent Application No. ZA201901748 | Undetermined | N/A | Undetermined |
| 60.29 | Allowed To Lapse South Africa Patent Application No. ZA201906599 | Undetermined | N/A | Undetermined |
| 60.30 | Allowed To Lapse South Africa Patent No. ZA201000867B | Undetermined | N/A | Undetermined |
| 60.31 | Allowed To Lapse South Africa Patent No. ZA201104023B | Undetermined | N/A | Undetermined |
| 60.32 | Allowed To Lapse Spain Patent No. ES2842968T3 | Undetermined | N/A | Undetermined |
| 60.33 | Allowed To Lapse USA Patent No. US10561638B2 | Undetermined | N/A | Undetermined |
| 60.34 | Allowed To Lapse USA Patent No. US10653699B2 | Undetermined | N/A | Undetermined |
| 60.35 | Allowed To Lapse USA Patent No. US10973784B2 | Undetermined | N/A | Undetermined |
| 60.36 | Allowed To Lapse USA Patent No. US8168785B2 | Undetermined | N/A | Undetermined |
| 60.37 | Allowed To Lapse USA Patent No. US8212044B2 | Undetermined | N/A | Undetermined |
| 60.38 | Allowed To Lapse USA Patent No. US8501938B2 | Undetermined | N/A | Undetermined |
| 60.39 | Allowed To Lapse USA Patent No. US8735576B2 | Undetermined | N/A | Undetermined |
| 60.40 | Argentina Trademark Soberal | Undetermined | N/A | Undetermined |
| 60.41 | EU Trademark Registration No. 000625996 | Undetermined | N/A | Undetermined |
| 60.42 | EU Trademark Registration No. 002634376 | Undetermined | N/A | Undetermined |
| 60.43 | EU Trademark Registration No. 002634400 | Undetermined | N/A | Undetermined |

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | **24-22286** |
|---|---|---|---|
| | Name | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.** | **Patents, copyrights, trademarks, and trade secrets** | | |
| 60.44 | EU Trademark Registration No. 002634418 | Undetermined | N/A | Undetermined |
| 60.45 | EU Trademark Registration No. 002634426 | Undetermined | N/A | Undetermined |
| 60.46 | EU Trademark Registration No. 005166525 | Undetermined | N/A | Undetermined |
| 60.47 | EU Trademark Registration No. 005288774 | Undetermined | N/A | Undetermined |
| 60.48 | EU Trademark Registration No. 011824489 | Undetermined | N/A | Undetermined |
| 60.49 | Finland Trademark Registration No. 222939 | Undetermined | N/A | Undetermined |
| 60.50 | Inactive EPO Patent No. EP2182804B1 | Undetermined | N/A | Undetermined |
| 60.51 | Inactive EPO Patent No. EP2635256B1 | Undetermined | N/A | Undetermined |
| 60.52 | International Trademark Registration No. 1187760 | Undetermined | N/A | Undetermined |
| 60.53 | International Trademark Registration No. 747167 | Undetermined | N/A | Undetermined |
| 60.54 | International Trademark Registration No. 751506 | Undetermined | N/A | Undetermined |
| 60.55 | International Trademark Registration No. 751667 | Undetermined | N/A | Undetermined |
| 60.56 | International Trademark Registration No. 768160 | Undetermined | N/A | Undetermined |
| 60.57 | International Trademark Registration No. 898139 | Undetermined | N/A | Undetermined |
| 60.58 | International Trademark Registration No. 898151 | Undetermined | N/A | Undetermined |
| 60.59 | Registered Australia Trademark Registration No. 859639 | Undetermined | N/A | Undetermined |
| 60.60 | Registered Australia Trademark Registration No. 867581 | Undetermined | N/A | Undetermined |
| 60.61 | Registered Australia Trademark Registration No. 867582 | Undetermined | N/A | Undetermined |
| 60.62 | Registered Brazil Trademark Registration No. 822859866 | Undetermined | N/A | Undetermined |
| 60.63 | Registered Brazil Trademark Registration No. 823056260 | Undetermined | N/A | Undetermined |
| 60.64 | Registered Brazil Trademark Registration No. 823056279 | Undetermined | N/A | Undetermined |
| 60.65 | Registered Brazil Trademark Registration No. 828246840 | Undetermined | N/A | Undetermined |
| 60.66 | Registered Brazil Trademark Registration No. 840711158 | Undetermined | N/A | Undetermined |
| 60.67 | Registered Canada Trademark Registration No. TMA1059000 | Undetermined | N/A | Undetermined |
| 60.68 | Registered Canada Trademark Registration No. TMA678,930 | Undetermined | N/A | Undetermined |
| 60.69 | Registered Canada Trademark Registration No. TMA684274 | Undetermined | N/A | Undetermined |
| 60.70 | Registered Finland Trademark Registration No. 219106 | Undetermined | N/A | Undetermined |
| 60.71 | Registered Finland Trademark Registration No. 219107 | Undetermined | N/A | Undetermined |

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | **24-22286** |
|---|---|---|---|
| | Name | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.** | **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.72 | Registered Finland Trademark Registration No. 219108 | Undetermined | N/A | Undetermined |
| 60.73 | Registered Finland Trademark Registration No. 219109 | Undetermined | N/A | Undetermined |
| 60.74 | Registered Finland Trademark Registration No. 219110 | Undetermined | N/A | Undetermined |
| 60.75 | Registered Finland Trademark Registration No. 219111 | Undetermined | N/A | Undetermined |
| 60.76 | Registered Finland Trademark Registration No. 220526 | Undetermined | N/A | Undetermined |
| 60.77 | Registered Finland Trademark Registration No. 221384 | Undetermined | N/A | Undetermined |
| 60.78 | Registered Finland Trademark Registration No. 221965 | Undetermined | N/A | Undetermined |
| 60.79 | Registered Finland Trademark Registration No. 237691 | Undetermined | N/A | Undetermined |
| 60.80 | Registered Finland Trademark Registration No. 237873 | Undetermined | N/A | Undetermined |
| 60.81 | Registered Ireland Trademark Registration No. 220221 | Undetermined | N/A | Undetermined |
| 60.82 | Registered Ireland Trademark Registration No. 220222 | Undetermined | N/A | Undetermined |
| 60.83 | Registered New Zealand Trademark Registration No. 628591 | Undetermined | N/A | Undetermined |
| 60.84 | Registered New Zealand Trademark Registration No. 632908 | Undetermined | N/A | Undetermined |
| 60.85 | Registered New Zealand Trademark Registration No. 649176 | Undetermined | N/A | Undetermined |
| 60.86 | Registered United Kingdom Trademark Registration No. UK00900625996 | Undetermined | N/A | Undetermined |
| 60.87 | Registered United Kingdom Trademark Registration No. UK00902634376 | Undetermined | N/A | Undetermined |
| 60.88 | Registered United Kingdom Trademark Registration No. UK00902634400 | Undetermined | N/A | Undetermined |
| 60.89 | Registered United Kingdom Trademark Registration No. UK00902634418 | Undetermined | N/A | Undetermined |
| 60.90 | Registered United Kingdom Trademark Registration No. UK00902634426 | Undetermined | N/A | Undetermined |
| 60.91 | Registered United Kingdom Trademark Registration No. UK00905166525 | Undetermined | N/A | Undetermined |
| 60.92 | Registered United Kingdom Trademark Registration No. UK00905288774 | Undetermined | N/A | Undetermined |
| 60.93 | Registered United Kingdom Trademark Registration No. UK00911824489 | Undetermined | N/A | Undetermined |
| 60.94 | South Korea Trademark Registration No. 524901 | Undetermined | N/A | Undetermined |
| 60.95 | South Korea Trademark Registration No. 531565 | Undetermined | N/A | Undetermined |

Debtor  **Biotie Therapies, LLC**                                            Case number (*if known*)  **24-22286**
_____
Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **61.** | **Internet domain names and websites** | | |
| 61.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **62.** | **Licenses, franchises, and royalties** | | |
| 62.1 License - Asieris Pharmaceuticals (Shanghai) Co., Ltd. (Nepicastat) | Undetermined | N/A | Undetermined |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **63.** | **Customer lists, mailing lists, or other compilations** | | |
| 63.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **64.** | **Other intangibles, or intellectual property** | | |
| 64.1 | | | $0.00 |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **65.** | **Goodwill** | | |
| 65.1 | | | $0.00 |

**66.**  **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

**Undetermined**

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | **24-22286** |
|---|---|---|---|
| | Name | | |

**67.** **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107)?

■ No.

☐ Yes.

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

■ No.

☐ Yes.

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

■ No.

☐ Yes.

**Part 11:    All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

■ Yes. Fill in the information below

| | | | **Current value of debtor's interest** |
|---|---|---|---|
| **71.** | **Notes receivable** | | |
| | Description (include name of obligor) | | |
| 71.1 | | | $0.00 |
| | Total face amount | doubtful or uncollectible amount | |

| | | | **Current value of debtor's interest** |
|---|---|---|---|
| **72.** | **Tax refunds and unused net operating losses (NOLs)** | | |
| | Description (for example, federal, state, local) | | |
| 72.1 | Federal NOLs as of 12/31/2023 | Tax year   Various | $120.8 million |

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | **24-22286** |
|---|---|---|---|
| | Name | | |

| | | Current value of debtor's interest |
|---|---|---|
| **73.** | **Interests in insurance policies or annuities** | |
| 73.1 | Berkshire Hathaway Specialty Insurance Company; Excess D&O ($5M xs $5M); 47EPC32106302 | Undetermined |
| 73.2 | Endurance American Insurance Company; Excess D&O ($5M xs $10M); DOX10010905906 | Undetermined |
| 73.3 | Federal Insurance Company (Chubb); Excess Products Liability ($5M xs $20M); 79837222 | Undetermined |
| 73.4 | Gemini Insurance Company (member of the W.R. Berkley Corporation); Primary Products Liability ($10M); GL176283 | Undetermined |
| 73.5 | Hudson Insurance Company; Side-A Excess ($5M xs $30M); HN03034988041423 | Undetermined |
| 73.6 | Ironshore Specialty Insurance Company; Excess Products Liability ($10M xs $10M); HC7PACKPL8002 | Undetermined |
| 73.7 | National Union Fire Insurance Company of Pittsburg, PA; Employment Practices Liability; 017019818 | Undetermined |
| 73.8 | National Union Fire Insurance Company of Pittsburg, PA; Excess D&O ($5M xs $20M); 038800479 | Undetermined |
| 73.9 | National Union Fire Insurance Company of Pittsburg, PA; Fiduciary Liability; 017019488 | Undetermined |
| 73.10 | Old Republic Union Insurance Company; Side-A Excess ($5M xs $25M); ORPRO12103389 | Undetermined |
| 73.11 | Palomar Excess and Surplus Insurance Company; Cyber ($2M); PLMCBSJXJAEZ2H003 | Undetermined |
| 73.12 | Riverport Insurance Company (Berkley); Commercial Automobile; LCA5070680Q10 | Undetermined |
| 73.13 | StarNet Insurance Company (Berkley); Commercial Package Policy (Property, General Liability incl. Employee Benefits, Umbrella Liability, Foreign); LPK507068110 | Undetermined |
| 73.14 | Underwriters at Lloyds, London (Falvey Cargo); Inland Marine Transit ($2M Limit); MC1000328WC1000328 | Undetermined |
| 73.15 | Westchester Fire Insurance Company (Chubb); Excess D&O ($5M xs $15M); G23647813014 | Undetermined |
| 73.16 | XL Insurance America, Inc.; Excess Liability ($10M xs $15M); US00133235LI23A | Undetermined |
| 73.17 | XL Specialty Insurance Company ; Commercial Crime; ELU19413823 | Undetermined |
| 73.18 | XL Specialty Insurance Company; Primary D&O ($5M); ELU18916823 | Undetermined |
| 73.19 | XL Specialty Insurance Company; Side-A Excess ($5M xs $35M); ELU18917423 | Undetermined |

| | | Current value of debtor's interest |
|---|---|---|
| **74.** | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 74.1 | | $0.00 |

| Debtor | **Biotie Therapies, LLC** | Case number (*if known*) | **24-22286** |
|--------|---------------------------|--------------------------|--------------|
|        | Name                      |                          |              |

|  |  | **Current value of debtor's interest** |
|--|--|------|
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 75.1 | | $0.00 |

|  |  | **Current value of debtor's interest** |
|--|--|------|
| 76. | **Trusts, equitable or future interests in property** | |
| 76.1 | | $0.00 |

|  |  | **Current value of debtor's interest** |
|--|--|------|
| 77. | **Other property of any kind not already listed Examples:** Season tickets, country club membership | |
| 77.1 | | $0.00 |

78.    **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

> **Undetermined**

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No.

☐ Yes.

Debtor  **Biotie Therapies, LLC**                                                    Case number (*if known*)  **24-22286**
      Name

---

| Part 12: | Summary |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $36,413.50 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | Undetermined | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | Undetermined | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + Undetermined | |
| 91. **Total. Add lines 80 through 90 for each column** | $36,413.50 Undetermined | +91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $36,413.50 Undetermined |

---

Official Form 206A/B                     Schedule A/B: Assets - Real and Personal Property                     **Page 18**

**Fill in this information to identify the case:**

Debtor name   **Biotie Therapies, LLC**

United States Bankruptcy Court for the:   **Southern District of New York**

Case number (if known)   **24-22286**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

| 2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | Column A<br>Amount of claim<br><br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
| --- | --- | --- |

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $0.00 |
| --- | --- | --- |

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
| --- | --- |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.
If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |

**Fill in this information to identify the case:**

Debtor name    **Biotie Therapies, LLC**

United States Bankruptcy Court for the:    **Southern District of New York**

Case number (if known)    **24-22286**

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
|---|---|

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | | Total claim | Priority amount |
|---|---|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | | $133,263.00 | $133,263.00 |
| | Department of Treasury Internal Revenue Service Center Ogden UT 84201-0012 | ☐ Contingent ☐ Unliquidated ☐ Disputed | | | |
| | **Date or dates debt was incurred** 12/31/2023 | **Basis for the claim:** Income Tax | | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a)(8) | ☐ No ☐ Yes | | | |

| Debtor | **Biotie Therapies, LLC** | Case number (if known) | **24-22286** |
|---|---|---|---|
| | Name | | |

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| Debtor | **Biotie Therapies, LLC** | Case number (if known) | **24-22286** |
|---|---|---|---|
| | Name | | |

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed ? | Last 4 digits of account number, if any |
|---|---|---|

| Debtor | **Biotie Therapies, LLC** | | | Case number (if known) | **24-22286** |
|--------|---------------------------|--|--|------------------------|--------------|
| | Name | | | | |

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|-------------|---------------------------------------------------------------------|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|--|--|--|------------------------|
| **5a. Total claims from Part 1** | 5a. | $ | 133,263.00 |
| **5b. Total claims from Part 2** | 5b. + | $ | 0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 133,263.00 |

**Fill in this information to identify the case:**

Debtor name    **Biotie Therapies, LLC**

United States Bankruptcy Court for the:    **Southern District of New York**

Case number (if known)    **24-22286**

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

■ Yes. Fill in all of the information below even if the contacts of leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | Amendment Number 1 | |
| | State the term remaining | 03/02/2015 | |
| | List the contract number of any government contract | | Almac Pharma Services Ltd. UK<br>ALMAC HOUSE, 20 SEAGOE RD<br>CRAIGAVON  BT63 5QD<br>UNITED KINGDOM |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | Master Agreement for Manufacturing and Supply Services | |
| | State the term remaining | 02/27/2013 | |
| | List the contract number of any government contract | | Almac Pharma Services Ltd. UK<br>ALMAC HOUSE, 20 SEAGOE RD<br>CRAIGAVON  BT63 5QD<br>UNITED KINGDOM |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | Exclusive License Agreement | |
| | State the term remaining | 08/18/2022 | |
| | List the contract number of any government contract | | Asieris Pharmaceuticals (Shanghai) Co., Ltd<br>ATTN: MR. KEVIN HAN ZHAO<br>LANE 221 DONGYU ROAD, NO. 11 19F<br>BUILDING B NEW BUND WORLD TRADE CENTER (STAGE III)<br>PUDONG NEW DISTRICT<br>SHANGHAI  200120<br>CHINA |

| Debtor | **Biotie Therapies, LLC** | | Case number (if known) | 24-22286 |
| | Name | | | |

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|

| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest** | Letter Agreement | |
| | **State the term remaining** | 01/14/2009 | Hoffmann-La Roche Inc. 340 KINGSLAND AVENUE NUTLEY NJ 07110 |
| | **List the contract number of any government contract** | | |

| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest** | Letter Agreement | |
| | **State the term remaining** | 01/12/2023 | Hoffmann-La Roche Ltd. GRENZACHERSTRASSE 124 4070 BASEL SWITZERLAND |
| | **List the contract number of any government contract** | | |

| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | Termination Agreement | |
| | **State the term remaining** | 07/10/2014 | Neurelis, Inc. ATTN: DAVID F HALE 1042-B N. EL CAMINO REAL SUITE 430 ENCINITAS CA 92024-1322 |
| | **List the contract number of any government contract** | | |

| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | Amended and Restated License Agreement | |
| | **State the term remaining** | 12/10/2008 | Roche Palo Alto LLC GRENZACHERSTRASSE 124 BASEL  4070 SWITZERLAND |
| | **List the contract number of any government contract** | | |

| Fill in this information to identify the case: |
| --- |
| Debtor name **Biotie Therapies, LLC** |
| United States Bankruptcy Court for the: **Southern District of New York** |
| Case number (if known) **24-22286** |

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Your Codebtors

**12/15**

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
| --- | --- | --- | --- |
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |

**Fill in this information to identify the case:**

Debtor name    **Biotie Therapies, LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **24-22286**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■ *Schedule H: Codebtors* (Official Form 206H)

■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 15, 2024**       χ **/s/ Michael A. Gesser**
                                         Signature of individual signing on behalf of the debtor

                                         **Michael A. Gesser**
                                         Printed name

                                         **Director, President and Treasurer**
                                         Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**