UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| ACORDA THERAPEUTICS, INC., *et al.*,[1] | Case No. 24-22284 (DSJ) |
| Debtors. | Jointly Administered |
| _____/ | |

**AMENDED[2] NOTICE OF (I) HEARING ON CONFIRMATION OF THE PLAN
AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE
PLAN; AND (II) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN**

**PLEASE TAKE NOTICE** that:

1.      **Approval of Disclosure Statement**.  The United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") has approved the *First Amended Disclosure Statement for Joint Chapter 11 Plan of Acorda Therapeutics, Inc. and Its Affiliated Debtors* dated July 2, 2024 (as it may be amended, modified, and supplemented, the "**Disclosure Statement**") filed by Acorda Therapeutics, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") (Docket No. 352). The Bankruptcy Court authorized the Debtors to solicit votes with regard to the approval or rejection of the *First Amended Joint Chapter 11 Plan of Acorda Therapeutics, Inc. and Its Affiliated Debtors*, dated July 2, 2024 (as it may be amended, modified, and supplemented, the "**Plan**"),[3] annexed as Exhibit A to the Disclosure Statement.

2.      **Confirmation Hearing**.  A hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **August 7, 2024 at 10:00 a.m. (prevailing Eastern Time),**

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A).  For the purposes of these chapter 11 cases, the address for the Debtors is:  2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.
[2] Amended solely to correct the title to Annex B.
[3] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

before the Honorable David S. Jones, United States Bankruptcy Judge, in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors at the Confirmation Hearing or any continued hearing or as indicated in any notice filed by the Debtors with the Bankruptcy Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

3. The Disclosure Statement and the Plan are on file with the Clerk of the Bankruptcy Court (the "**Clerk**"). Copies of the Disclosure Statement and the Plan may also be obtained from the Court's electronic docket for the Debtors' chapter 11 cases, which can be found at https://www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at https://pacer.psc.uscourts.gov).

4. Copies of the motion to approve the Disclosure Statement (Docket No. 162), the Disclosure Statement, and the Plan may also be obtained free of charge by visiting the website maintained by the Debtors' Solicitation Agent, Kroll Restructuring Administration LLC ("**Solicitation Agent**"), at https://cases.ra.kroll.com/Acorda/, or by written request to the Solicitation Agent at the following addresses:

> Acorda Therapeutics, Inc. Ballot Processing
> c/o Kroll Restructuring Administration LLC
> 850 Third Avenue, Suite 412
> Brooklyn, New York 11232

> or

AcordaInfo@ra.kroll.com (with "**Acorda Solicitation Inquiry**" in the subject line)

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

5. **Record Date for Voting Purposes**. Only parties who are eligible to vote and hold Claims against the Debtors as of June 28, 2024, are entitled to vote on the Plan.

6. **Parties in Interest Not Entitled to Vote**. The following holders of Claims and Interests are not entitled to vote on the Plan: (i) holders of unimpaired Claims or Interests that are presumed to accept the Plan (Class 2 – Other Secured Claims, Class 3 – Other Priority Claims, Class 5 – Biotie Claims, and Class 7 – Existing Subsidiary Debtor Interests), (ii) holders of impaired Claims or Interests that are deemed to reject the Plan (Class 6 – Intercompany Claims, Class 8 – Existing Acorda Interests, and Class 9 – Subordinated Claims), and (iii) holders of Claims that are the subject of filed objections or requests for estimation. If you have timely filed a proof of Claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your Claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing such Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court at least five (5) days prior to the Voting Deadline or as the Bankruptcy Court may direct. Creditors may contact the Solicitation Agent to receive an appropriate ballot for any Claim for which a proof of Claim has been timely filed and a Rule

3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

7. **Voting Deadline**. All votes to accept or reject the Plan must be actually received by the Solicitation Agent by no later than **4:00 p.m. (prevailing Eastern Time) on July 31, 2024** (the "**Voting Deadline**"), unless extended by the Debtors. Any failure to follow the voting instructions included with your ballot may disqualify your ballot and your vote.

8. **Objections to Confirmation**. Objections and responses, if any, to confirmation of the Plan **must be filed with the Court by no later than 4:00 p.m. (prevailing Eastern Time) on July 31, 2024**, and must: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and any General Orders of the Court; (iii) set forth the name of the objector, and the nature and amount of Claims held or asserted by the objector against the Debtors' Estates or properties; (iv) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (v) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be actually received on or before the Plan Confirmation Objection Deadline by each of the notice parties identified in the Confirmation Hearing Notice, including: (i) the Debtors; (ii) counsel to the Debtors; (iii) the U.S. Trustee; (iv) counsel to the Creditors' Committee; and (v) counsel to the Ad Hoc Group of Noteholders and DIP Lenders.

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

9. **Parties Who Will Not Be Treated as Creditors**. Any holder of a Claim that (i) is scheduled in the Debtors' schedules of assets and liabilities at $0.00, or in an unknown amount, or as disputed, contingent, or unliquidated, and is not the subject of a timely filed proof of Claim or

a proof of Claim deemed timely filed with the Bankruptcy Court, or (ii) is not scheduled and is not the subject of a timely filed proof of Claim or a proof of Claim deemed timely filed with the Bankruptcy Court, shall not be treated as a creditor with respect to such Claim for purposes of voting on the Plan.

10. **Classification and Treatment**. A chart summarizing the treatment provided by the Plan to each class of Claims and Interests is included in **Annex A**. **Annex A is qualified in its entirety by reference to the Plan**.

11. **Releases**. **Please be advised that under the Plan, the following holders are deemed to have granted the releases contained in Section 10.5(b) of the Plan, which is set forth for convenience on Annex B hereto.**

    a. **the Released Parties (other than the Debtors, Wind Down Estates, and Liquidation Trustee);**

    b. **all holders of Claims who vote to accept the Plan; and**

    c. **with respect to any Entity in the foregoing clauses (a) and (b), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) and (b) of the definition of Releasing Parties).**

**ELECTION TO REJECT THE PLAN IS AT THE OPTION OF THE CLAIM OR INTEREST HOLDER.**

12. **The Plan also contains other discharge, injunction, release, and exculpation provisions that may affect your rights such as those set forth in Annex B. Annex B is qualified in its entirety by reference to the Plan**.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT**.

5

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED**.

13. **Executory Contracts and Unexpired Leases**. As of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected, unless such contract or lease (i) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date; (iv) is an Insurance Policy; or (v) is identified for assumption on the Assumption Schedule included in the Plan Supplement. Subject to the occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the assumptions, assumptions and assignments, or rejections provided for in the Plan pursuant to sections 365(a) and 1123 of the Bankruptcy Code and a determination by the Bankruptcy Court that the Debtors or Wind Down Estates, as applicable, have provided adequate assurance of future performance under such assumed executory contracts and unexpired leases.

14. **Additional Information**. Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, free of charge, should contact the Solicitation Agent, (i) by telephone at (844) 712-1917 (U.S./Canada toll-free) or (646) 777-2412 (international), or (ii) by writing to a) AcordaInfo@ra.kroll.com (with "**Acorda Solicitation Inquiry**" in the subject line) or (b) Acorda Therapeutics, Inc. Ballot Processing, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. The Disclosure Statement and Plan, as well as all documents filed on the Court's docket in the Debtors' Chapter 11 Cases may be viewed and downloaded, free of charge, by accessing the Debtors' restructuring website: https://cases.ra.kroll.com/Acorda or, for a fee, at the Bankruptcy Court's

website: https://www.nysb.uscourts.gov. As previously noted above, a PACER (https://pacer.psc.uscourts.gov) password and login are needed to access documents on the Bankruptcy Court's website (https://www.nysb.uscourts.gov).

Dated: July 3, 2024
New York, New York

/s/ *John R. Dodd*
John R. Dodd (admitted *pro hac vice*)
**BAKER & McKENZIE LLP**
1111 Brickell Avenue, 10th Floor
Miami, FL 33131
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: john.dodd@bakermckenzie.com

and

Blaire Cahn
**BAKER & McKENZIE LLP**
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Counsel for the Debtors
and Debtors-in-Possession*

# Annex A[1]

## Summary of Plan Classification and Treatment of Claims and Interests

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| 1 | Prepetition Notes Secured Claims | Impaired | Yes |
| 2 | Other Secured Claims | Unimpaired | No (Presumed to accept) |
| 3 | Other Priority Claims | Unimpaired | No (Presumed to accept) |
| 4 | General Unsecured Claims | Impaired | Yes |
| 5 | Biotie Claims | Unimpaired | No (Presumed to accept) |
| 6 | Intercompany Claims | Impaired | No (Deemed to reject) |
| 7 | Existing Subsidiary Debtor Interests | Unimpaired | No (Presumed to accept) |
| 8 | Existing Acorda Interests | Impaired | No (Deemed to reject) |
| 9 | Subordinated Claims | Impaired | No (Deemed to reject) |

---

[1] Annex A is qualified in its entirety by reference to the Plan.

**Annex B**

**Select Defined Terms**

"***Exculpated Parties***" means collectively the: (a) the Debtors; (b) the Liquidation Trustee; (c) Wind Down Estates; (d) the Creditors' Committee and the members of the Creditors' Committee; (e) the Prepetition Agent; (f) Consenting Creditors; (g) DIP Secured Parties; and (h) with respect to each of the foregoing Entities in clauses (a) through (g), all Related Parties who acted on their behalf in connection with the matters as wo which exculpation is provided herein.

"***Related Parties***" means with respect to any Exculpated Party or Released Party, such party's (a) predecessors, (b) successors and assigns, (c) subsidiaries, (d) Affiliates, (e) managed accounts or funds, (f) for each Person in clauses (a) through (e), all of such Person or Entity's respective current and former officers, directors, principals, stockholders, members, partners, employees, agents, trustees, advisory board members, advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund managers, advisors and other professionals, and such persons' respective heirs, executors, estates, servants and nominees; *provided* each of the foregoing Persons or Entities is a "Related Party" solely to the extent such Persons or Entities acted on the behalf of the Exculpated Party or Related Party in connection with the matters as to which exculpation or releases are provided herein.

"***Released Parties***" means collectively, and in each case, solely in their capacities as such: (a) the Debtors; (b) the current and former directors, officers, agents, members of management, and other employees of the Debtors; (c) the Wind Down Estates; (d) the Liquidation Trustee; (e) the Creditors' Committee and the members of the Creditors' Committee; (f) the DIP Secured Parties; (g) the Consenting Creditors; (h) the Prepetition Agent; and (i) Related Parties for each of the foregoing.

**Section 10.3 of the Plan: Term of Injunctions or Stays**

Unless otherwise provided herein, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

**Section 10.4 of the Plan: Injunction**

a. **Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim extinguished, discharged, or released pursuant to the Plan or property dealt with by the Plan.**

b. **Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Wind Down Estates or Liquidation Trustee, as applicable, and a holder of a Claim against or Interest in the Debtors,**

**all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, Wind Down Estates, or the Liquidation Trust, or the property of any of the Debtors, the Wind Down Estates, or the Liquidation Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Wind Down Estates, or the Liquidation Trust, or the property of any of the Debtors, the Wind Down Estates, or the Liquidation Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Wind Down Estates, or the Liquidation Trust or the property of any of the Debtors or the Liquidation Trust; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, the Wind Down Estates, or the Liquidation Trust or against property or interests in property of any of the Debtors, the Wind Down Estates, or the Liquidation Trust, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.**

c.    **By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.4.**

d.    **The injunctions in this Section 10.4 shall extend to any successors of the Debtors, the Liquidation Trust, and their respective property and interests in property.**

**Section 10.5 of the Plan: Releases**

a.    **Estate Releases**

**As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Definitive Documents, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties to facilitate the implementation of the Plan, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties shall be deemed forever released and discharged, to the maximum extent permitted by law, by the Debtors and their Estates, Wind Down Estates, and the Liquidation Trust, from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, or the Estates, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing**

2

or hereinafter arising, in law, equity, or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising prior to the Effective Date from, in whole or in part, the Debtors, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the RSA, the Plan (including the Plan Supplement), the Sale Documents, Prepetition Notes Documents, and the DIP Loan Documents, or any related agreements, instruments, and other documents (including the Definitive Documents), the DIP Order, the Sale Order, and the negotiation, formulation, or preparation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; *provided*, that nothing in this Section 10.5(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, or intentional fraud as determined by a Final Order. The Debtors and their Estates, the Wind Down Estates, and the Liquidation Trust shall be permanently enjoined from prosecuting any of the foregoing Claims, Interests, or Causes of Action released under this Section 10.5(a) against each of the Released Parties.

b.  **Third-Party Releases**

As of the Effective Date, except (i) for the right to enforce the Plan or any right or obligation arising under the Sale Documents or Definitive Documents that remain in effect or become effective after the Effective Date; (ii) defend against any objections to Claims that may be asserted under the Plan; or (iii) as otherwise expressly provided in the Plan or in the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably and forever, released, and discharged by the Releasing Parties in each case, from any and all Claims, Interests, or Causes of Action whatsoever, including any derivative Claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or arising prior to the Effective Date from, in whole or in part, the Debtors, the restructuring, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan (including the Plan Supplement), the RSA, the Definitive Documents, the Sale Documents, Prepetition Notes Documents, the DIP Order, the Sale Orders, the DIP Loan Documents, or any related agreements, instruments, or other

3

**documents, the solicitation of votes with respect to the Plan, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date;** *provided*, **that nothing in this Section 10.5(b) shall be construed to release the Released Parties from any gross negligence, willful misconduct, or intentional fraud as determined by a Final Order. The Releasing Parties shall be permanently enjoined from prosecuting any of the foregoing Claims, Interests, or Causes of Action released under this Section 10.5(b) against each of the Released Parties.**

c. Notwithstanding anything to the contrary herein, nothing in the Plan shall limit the liability of attorneys to their respective clients pursuant to Rule 1.8(h) of the New York Rules of Professional Conduct.

### Section 10.6 of the Plan: Exculpation

**To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any conduct occurring on or after the Petition Date in connection with or arising out of the filing and administration of the Chapter 11 Cases, the postpetition marketing and sale process, the purchase, sale, or rescission of the purchase or sale of any security or asset of the Debtors; the negotiation and pursuit of the DIP Facility, Disclosure Statement, the RSA, Sale Transaction, including the formulation, negotiation, preparation, dissemination, implementation, administration, confirmation, and consummation thereof, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan; the occurrence of the Effective Date; the DIP Loan Documents; the administration of the Plan or the property to be distributed under the Plan; the issuance of Securities under or in connection with the Plan; or the transactions in furtherance of any of the foregoing; except for gross negligence, fraud, or willful misconduct, as determined by a Final Order. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.**

4