**Hearing Date and Time: August 15, 2024 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: August 8, 2024 at 4:00 p.m. (prevailing Eastern Time)**

John R. Dodd (admitted *pro hac vice*)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: john.dodd@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| ACORDA THERAPEUTICS, INC., *et al.*,[1] | Case No. 24-22284 (DSJ) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' MOTION**
**TO EXTEND THE DEBTORS' EXCLUSIVE PERIODS**
**TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES**
**THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that a hearing on the annexed *Debtors' Motion to Extend the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* (the "**Motion**") will be held on **August 15, 2024 at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**") before the Honorable David S. Jones, United

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A). For the purposes of these chapter 11 cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted via Zoom for Government. Parties wishing to participate at the Hearing (whether "live" or "listen only") must make an electronic appearance through the "eCourtAppearances" tab on the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl **prior to 4:00 p.m. (prevailing Eastern Time) on August 14, 2024** (the "**Appearance Deadline**"). Instructions for making a telephonic appearance and additional information on the Court's telephonic procedures can be found at: https://www.nysb.uscourts.gov/ecourt-appearances. Following the Appearance Deadline, the Court will circulate by email the Zoom link to the Hearing to those parties who have made an electronic appearance.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses (the "**Objections**") to the relief requested in the Motion shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and all General Orders applicable to chapter 11 cases in the Court; (iii) be filed electronically with the Court on the docket of *In re Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ) by a registered user of the Court's electronic filing system and in accordance with Local Rule 5005-2 (which is available on this Court's website at http://www.nysb.uscourts.gov); and (iv) be served so as to be actually received no later than **August 8, 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**") on (a) counsel to the Debtors, Baker & McKenzie LLP (Attn: John R. Dodd, 1111 Brickell Avenue, 10th Floor, Miami, Florida 33131 and Blaire Cahn, 452 Fifth Avenue, New York, New York 10018); (b) counsel to the DIP Administrative Agent, Paul Hastings LLP (Attn: Matthew Warren and Lindsey Henrikson, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606); (c) counsel to the Ad Hoc Noteholder Group and DIP Lenders, Paul Hastings LLP (Attn: Geoffrey King, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606); (d) counsel to the U.S. Trustee (Attn: Tara Tiantian, Brian Masumoto, and Rachael E. Siegel, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York, New York 10004); and (e) counsel to the statutory committee of unsecured creditors, McDermott Will & Emery LLP (Attn: Darren Azman, Kristin K. Going, Stacy Lutkus, and Daniel Thomson, One Vanderbilt Avenue, New York, New York 10017). In the event no Objections to entry of an order are timely received by the Objection Deadline, this Court may enter an order without need for the Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, at https://cases.ra.kroll.com/acorda or by calling (844) 712-1917 (toll free) for U.S. and Canada based parties or +1 (646) 777-2412 for international parties. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. You should read the Motion carefully and discuss it with your attorney, if you have one in connection with the chapter 11 cases. (If you do not have an attorney, you may wish to consult with one.)

2

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter an order granting the relief requested in the Motion with no further notice or opportunity to be heard.

Dated: July 30, 2024

*/s/ John R. Dodd*
John R. Dodd (admitted *pro hac vice*)
**BAKER & McKENZIE LLP**
1111 Brickell Avenue, 10th Floor
Miami, FL 33131
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: john.dodd@bakermckenzie.com

and

Blaire Cahn
**BAKER & McKENZIE LLP**
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Counsel for the Debtors
and Debtors-in-Possession*

John R. Dodd (admitted *pro hac vice*)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: john.dodd@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| ACORDA THERAPEUTICS, INC., *et al.*,[1] | Case No. 24-22284 (DSJ) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION TO EXTEND THE DEBTORS' EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Acorda Therapeutics, Inc. and certain of its affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby file this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A). For the purposes of these chapter 11 cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

"**Bankruptcy Rules**") extending the Debtors' exclusive periods to file a chapter 11 plan and solicit acceptances thereof.[2]  In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Rule 7008 of the Bankruptcy Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

3. On April 1, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code with the Court.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. A statutory committee of unsecured creditors (the "**Committee**") has been appointed by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") pursuant to the *Amended Notice of Appointment of Official Committee of*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *First Amended Disclosure Statement for Joint Chapter 11 Plan of Liquidation of Acorda Therapeutics, Inc. and Its Affiliated Debtors* [Docket No. 352].

2

*Unsecured Creditors* [Docket No. 67]. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

6. A detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in the *Declaration of Michael A. Gesser in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*, filed April 2, 2024 [Docket No. 7], incorporated herein by reference.

## RELIEF REQUESTED

7. The Debtors' statutory exclusive period to file a chapter 11 plan will expire on July 30, 2024. By this Motion, the Debtors request an order extending their exclusive right to file a chapter 11 plan by approximately 60 days through and including September 30, 2024 (the "**Filing Exclusivity Period**"), and to solicit votes thereon by 60 days through and including November 29, 2024 (the "**Soliciting Exclusivity Period**," and together with the Filing Exclusivity Period, the "**Exclusivity Periods**"), without prejudice to the Debtors' right to seek further extensions of the Exclusivity Periods.[3]

## BASIS FOR RELIEF REQUESTED

8. A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code. Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional 60 days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such

---

[3] For the avoidance of doubt, section 1121 provides for a sixty-day extension of the exclusivity period for purposes of solicitation. The Debtors request a 60-day extension of the already extended deadline (i.e., 120 days from the original Filing Exclusivity Period.)

3

plan. "[T]he point of exclusivity is 'to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated.'" *In re Burns and Roe Enters., Inc.*, No. 00-41610 (RG), 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (citing H.R. Rep. No. 103–835, at 36 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3344). In these Chapter 11 Cases, the Exclusivity Periods set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on July 30, 2024, and September 30, 2024, respectively, absent further order of the Court.[4] The Debtors seek an extension of the Exclusivity Periods to continue working toward their goal of negotiating, filing, and confirming a consensual, value-maximizing chapter 11 plan of reorganization.

9.  Section 1121(d) permits a court to extend a debtor's exclusivity "for cause" (as long as such extension does not extend the Filing Exclusivity Period "beyond a date that is 18 months after the date of the order for relief" and the Soliciting Exclusivity Period "beyond a date that is 20 months after the date of the order for relief"). Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." It is well established that the decision to extend the Exclusivity Periods is left to the sound discretion of the Court and should be based on the facts and circumstances in each case. *See, e.g.*, *In re Excel Mar. Carriers Ltd.*, No. 13-23060 (RDD), 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *McLean Indus.*, 87 B.R. at 834; *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (Bankr. D. Del. 1986).

---

[4] Pursuant to Rule 9006-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), the filing of this Motion prior to the expiration of the Exclusivity Periods shall automatically extend the Exclusivity Periods until the Court acts on this Motion without the necessity for entry of a bridge order.

4

10.     Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 232 (1997), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191; *see also In re Ames Dep't Stores, Inc.*, No M-47 (PKL), 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors"); *In re McLean Indus. Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) ("The legislative history indicates that [cause] is to be viewed flexibly"); *In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 521, 533-34 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to afford maximum flexibility"). Simply put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

11.     Further, courts examine a variety of factors to determine whether "cause" exists to extend the statutory period of exclusivity. *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664-65. These factors include the following:

   a)   the size and complexity of the case;

   b)   the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

   c)   the existence of good faith progress toward reorganization;

   d)   whether the debtor is paying its debts as they become due;

   e)   whether the debtor has demonstrated reasonable prospects for filing a viable plan;

5

  f)  whether the debtor has made progress negotiating with creditors;

  g)  the amount of time which has elapsed in the case;

  h)  whether the debtor is seeking an extension to pressure creditors; and

  i)  whether an unresolved contingency exists.

12. Not all of these factors are relevant to every case and courts only use the relevant subset of the above factors to determine whether cause exists to grant exclusivity extensions in a particular case. *See In re Lexington Precision Corp.*, No. 08-11153 (MG) (Bankr. S.D.N.Y. Oct. 31, 2008) (considering three factors in granting a second extension of the debtor's exclusive period); *In re Express One Intern, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (relying on four factors in extending debtors' exclusive period). Moreover, the existence of good faith progress and the need for additional time to continue such progress is a particularly significant factor in establishing "cause" for extending the Exclusivity Periods under section 1121(d) of the Bankruptcy Code. *See In re Cent. Jersey Airport Serv., LLC*, 282 B.R. 176, 183 (Bankr. D. N.J. 2002) (extending debtor's exclusive periods primarily in light of debtor's progress in plan formulation and negotiation); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (granting extension of debtor's exclusive periods because of debtor's progress in negotiating with key creditor constituency).

13. The facts and circumstances of these Chapter 11 Cases weigh heavily in favor of an extension of the Exclusivity Periods. The Debtors have made substantial progress in these cases by concluding a sale of substantially all of their assets and striving to emerge from these Chapter 11 Cases as expeditiously as possible. In addition, the Debtors have been working with the Committee, their prepetition secured lenders, and the U.S. Trustee to come to a consensual chapter 11 plan. In this regard, the Debtors have been in communication with both the Committee and the U.S. Trustee regarding certain revisions to the proposed chapter 11 plan.

6

14. Despite this progress, the Debtors' current Exclusivity Periods will expire before getting a consensual plan on confirmed. Therefore, the Debtors submit that the facts and circumstances of these chapter 11 cases justify extending the Exclusivity Periods to provide the Debtors with an exclusive and unimpeded opportunity to consummate a plan with minimal interference. The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein. Each of the relevant factors weighs in favor of an extension of the Exclusivity Periods, as detailed below.

15. ***The Debtors' Chapter 11 Cases Are Large and Complex.*** These chapter 11 cases involve six Debtor entities that operate on an international basis. The Debtors have thousands of creditors and other parties in interest. The Debtors emergence from chapter 11 will require them to work with the Committee and other parties in interest to resolve concerns related to the plan and potential claims against the Debtors.

16. ***The Debtors Have Made Good Faith Progress Toward Exiting Chapter 11.*** The Debtors have already taken several key steps and obtained certain critical relief necessary for their ultimate reorganization, including negotiating and implementing the DIP financing, consummating the sale of substantially all of their assets. Obtaining approval of the Disclosure Statement and beginning negotiations to come to a consensual chapter 11 plan. The Debtors have been working expeditiously to establish the basis for a value-maximizing plan of reorganization and to establish maximum stakeholder support for such a plan, however, that they could benefit from additional time to complete those negotiations ahead of the expiry of the Exclusivity Periods.

17. ***An Extension of the Exclusivity Periods Will Not Prejudice Creditors.*** Continued exclusivity will permit the Debtors to continue negotiations with key stakeholder groups to come to a consensual chapter 11 plan. Throughout these Chapter 11 Cases, the Debtors have had regular

7

and transparent communications with all of their major stakeholder groups. Ultimately, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest by allowing the Debtors time to continue to work to build support for a value-maximizing plan of reorganization.

18. ***The Debtors Are Paying Their Debts as They Come Due.*** Since the Petition Date, the Debtors have paid their vendors' postpetition claims in the ordinary course of business or as otherwise authorized by orders of the Court. Importantly, the Debtors maintain their ability to continue to pay their bills throughout these Chapter 11 Cases in light of the liquidity provided by the DIP financing and the use of cash collateral.

19. ***The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.*** During their short time in chapter 11, the Debtors have taken substantial steps toward reorganization, including obtaining approval of the disclosure statement, soliciting votes on the chapter 11 plan, and engaging in ongoing dialogue and communication with the Committee on and the U.S. Trustee on certain provisions of the plan. The Debtors continue to constructively engage with the Committee and the U.S. Trustee and require additional time to negotiate certain provisions of the plan to build consensus among all stakeholder groups.

20. ***These Cases Are Less Than Four Months Old.*** This is the Debtors' first request for an extension of the Exclusivity Periods, and it comes only four months after the Petition Date. During this short time, the Debtors have accomplished a great deal despite the complexity of these Chapter 11 Cases and the numerous parties involved and continue to work diligently towards their timely emergence from chapter 11.

21. ***The Debtor is not Seeking an Extension to Pressure Creditors.*** The Debtors are not seeking an extension of the Exclusivity Periods to pressure any of their creditors. To the

contrary, as noted above, the Debtors have been actively engaged with the Committee to resolve their objections to the plan. The Debtors are seeking an extension of the Exclusivity Periods to preserve and further the progress made to date on their negotiations with the Committee.

22. An objective analysis of the relevant factors demonstrates that the Debtors are working diligently and comprehensively to facilitate a successful conclusion to these Chapter 11 Cases. Accordingly, the Debtors respectfully submit that cause exists to extend the Exclusivity Periods as provided herein. Similar relief is regularly granted in large chapter 11 cases in this district. *See*, *e.g.*, *In re Revlon, Inc.* Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Oct. 26, 2022) [Docket No. 924] (extending exclusivity period 125 days); *In re A.B.C. Carpet Co., Inc.*, Case No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Jan. 25, 2022) [Docket No. 323] (extending exclusivity periods by 74 and 60 days); *Kumtor Gold Co. CJSC and Kumtor Operating Co. CJSC*, Case No. 21-11051 (LGB) (Bankr. S.D.N.Y. Oct. 18, 2021) [Docket No. 220] (extending exclusivity period 120 days); *In re Grupo Aeromexico, S.A.B. de C.V.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. Oct. 26, 2020) [Docket No. 577] (same); *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Aug. 7, 2020) [Docket No. 678] (same); *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Jan. 28, 2020) [Docket No. 782] (extending exclusivity period 180 days).

## NOTICE

23. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the United States Attorney's Office for the Southern District of New York and all other states in which the Debtors operate; (d) the Securities and Exchange Commission; (e) the United States Food and Drug Administration; (f) counsel to the Ad Hoc Noteholder Group and DIP Lenders, Paul Hastings LLP; (g) counsel to the DIP Administrative Agent, Paul Hastings LLP; (h) counsel to the Committee, McDermott Will & Emery LLP; (i) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (j) any other party entitled to notice

pursuant to Local Rule 9013-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

24.No prior motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: July 30, 2024**BAKER & McKENZIE LLP**

By: /s/ John R. Dodd
John R. Dodd (admitted *pro hac vice*)
1111 Brickell Avenue, 10th Floor
Miami, FL 33131
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: john.dodd@bakermckenzie.com

Blaire Cahn
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Counsel for the Debtors and Debtors-in-Possession*

10

## **EXHIBIT A**

**Proposed Order**

24-22284-dsj    Doc 401    Filed 07/30/24    Entered 07/30/24 18:24:21    Main Document
Pg 14 of 16

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| ACORDA THERAPEUTICS, INC., *et al.,*[1] | Case No. 24-22284 (DSJ) |
| Debtors. | Jointly Administered |
| _____/ | **Ref. Doc. No.** ___ |

**ORDER EXTENDING THE DEBTORS' EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") (a) extending the Exclusivity Periods, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A).  For the purposes of these chapter 11 cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Motion.

herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including September 30, 2024.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Soliciting Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including November 29, 2024.

4. Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
New York, New York

                                                HONORABLE DAVID S. JONES
                                                UNITED STATES BANKRUPTCY JUDGE